207 F.2d 563
 JONES et ux.
v.
UNITED STATES.
 No. 14, Docket 22687.
 United States Court of Appeals
Second Circuit.
 Argued Oct. 6, 1953.
Decided Oct. 28, 1953.
 
 In this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, against the United States, the complaint alleged substantially as follows: The United States is the owner of the mineral, oil and gas rights in a 1,000 acre tract of land known as Hamilton Dome in Hot Springs County, Wyoming. It leased the land to the Empire State Oil Company of Thermopolis, Wyoming, and received royalties from the company based on the production of oil. Plaintiffs, until they sold their shares in January of 1948, owned 70,888 shares of the common stock of the Empire State Oil Company. Practically all of the company's oil production and reserves were contained in the leased land. On October 28, 1946, plaintiff Clayton M. Jones, acting for himself and his wife, wrote a letter to the United States Geological Survey requesting information on the oil company's leasehold at Hamilton Dome. The Director of the Survey replied by letter on November 29, 1946, stating that the 'ultimate recovery (of oil) * * * is estimated to be on the order of 17,400 barrels per acre. As of January 1, 1946, about 30 per cent of the recoverable reserves of the field had been produced.' The United States Geological Survey had established offices in Casper, Wyoming, and in Thermopolis, Wyoming, to estimate the oil and gas reserves of Hamilton Dome and other lands and to determine the recovery reasonably to be expected to be obtained from Hamilton Dome. When the agency wrote its letter to the plaintiffs, it had sufficient information available to it to be able to compute accurately the ultimate recovery of oil from the land. On January 22, 1948, fourteen months after receiving the director's letter, and acting in reliance upon the estimate of recoverable oil stated in that letter, plaintiffs sold their stock at $1.72 per share. This was the approximate value of the stock based on the director's estimate of 17,400 barrels per acre. By 1951, the amount of oil extracted from the leased land had exceeded the 17,400-barrel-per-acre estimate. Such estimates may ordinarily vary by as much as 20 per cent but the director's 1946 estimate had erred to the extent of 300 per cent. On the present authoritative estimates of the production capacity of Hamilton Dome, the value of each share of Empire State Oil Company's common stock is $5.16.
 Plaintiffs, in separate causes of action, charged the director of the Survey with (1) negligently and (2) deceitfully stating an incorrect estimate of the oil-producing capacity of Hamilton Dome. Plaintiffs asked damages to recompense them for the loss suffered in the sale of their stock in reliance on the erroneous estimate. On defendant's motion, the trial judge entered judgment dismissing the complaint. From the judgment plaintiffs appealed.
 Clayton M. Jones, Jr., Jamestown, N.Y., for plaintiffs-appellants.
 Warren E. Burger, Asst. Atty. Gen., John O. Henderson, U.S. Atty. for Western Dist. of N.Y., Buffalo, N.Y., Paul A. Sweeney, Atty., Department of Justice, New York City, for defendant-appellee.
 Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 Plaintiffs' second cause of action asserts wilful misrepresentation. This claim is clearly barred by Sec. 2680(h) of the Act. See United States v. Silverton, 1 Cir., 200 F.2d 824, at page 826. We think the first cause of action, for negligence, is also barred. Section 2680(h) prohibits suits against the government on claims arising out of 'assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.' As 'deceit' means fraudulent misrepresentation, 'misrepresentation' must have been meant to include negligent misrepresentation,[1] since otherwise the word 'misrepresentation' would be duplicative. The construction is strengthened by the inclusion of libel which may be either negligent or intentional.
 
 
 2
 The defendant has raised a number of other arguments in its briefs which we need not consider.
 
 
 3
 Affirmed.
 
 
 
 [1]
 Cf. Prosser on Torts (1941 ed.), pp. 704, 707, 726; Bohlen, Misrepresentation as Deceit, Negligence or Warranty, 42 Harv.L.Rev. 733