**MILLER HARNESS CO., Inc.,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 209, Docket 24163.

United States Court of Appeals
Second Circuit.

Argued Feb. 8, 1957.

Decided March 4, 1957.

782

Kaplan, Axelrod & Jaffe, New York City (Bernard Jaffe, New York City, of counsel), for plaintiff-appellant.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City (Earl J. McHugh, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and J. JOSEPH SMITH, District Judge.

MEDINA, Circuit Judge.

Appellant, a well-known dealer in riding equipment, purchased certain government surplus property described in the "Invitation for Bids" issued by the Property Disposal Office of the United States Army at Jeffersonville, Indiana, as "sets" of parts for the McClellan cavalry saddle. Upon delivery appellant discovered that it had not received the stirrup straps and stirrup irons it thought were included in the "sets" referred to in the "Invitation." The claim for damages was framed in a double aspect, for breach of contract and for loss which the complaint describes as "caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment."

The tort claim was dismissed by Judge Clancy, who found the complaint insufficient on its face. The contract claim was tried before Judge Cashin without a jury and resulted in a dismissal on the merits. In his opinion Judge Cashin found: "There is not a shred of credible evidence in this case which would support a finding that stirrup straps and irons were ever, in fact, a part of Item 57," which was the Item on which appellant made a successful bid. From these dismissals plaintiff appeals.

The surplus property sale was based upon documents in the usual form. The "Invitation" contained the boldface warning: "Caution: Inspect the Property." There were numerous standard clauses, such as are commonly used in the sale of government surplus property, including:

"Condition of Property.—All property listed herein is offered for sale 'as is' and 'where is,' and without recourse against the Government. If it is provided herein that the Government shall load, then 'where is' means f. o. b. conveyance at the point specified in the Invitation. The description is based on the best available information, but the Government makes no guaranty, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size or description of any of the property, or its fitness for any use or purpose, and no claim will be considered for allowance or adjustment or for rescission of the sale

based upon failure of the property to correspond with the standard expected; this is not a sale by sample." and

"12. Verbal Modifications.—Any oral statement by any representative of the Government, modifying or changing any conditions of this contract, is an expression of opinion only and confers no right upon the Purchaser."

The description of Item No. 57 read:

| "Item No. | Description and Location of Property | Quantity (No. of Units) | Unit of Measure |
|---|---|---|---|
| 57. | Parts, Saddle McClellan Cavalry, (Used) Proc. Cost $.07 Est. (Boxed) Approx. Wt. 15,375 lbs. Loc. E.F. D-8 | 2762 | Sets." |

Being familiar with the famous McClellan saddle, which had been adopted for cavalry mounts by many other countries, appellant at once knew that something was wrong. The stated cost of seven cents and the approximate weight of 15,375 pounds had a queer ring; and no details or description of the contents of the boxes were given.

So the father of the president of appellant went to Jeffersonville and made what turned out to be an inadequate and superficial inspection of the contents of one of the boxes or cases; he did not examine the others; there were "about 52" cases in all, containing the 2762 "sets." As appellant's president could not make out what his father had actually seen, he telephoned to the man he considered to be in charge at the Jeffersonville Quartermaster Depot and was told that stirrup irons and stirrup straps were included in Item 57. When the shipment arrived there were no stirrup irons or stirrup straps. Appellant accepted the goods, protested vigorously, and paid the amount of its bid, $5,686.-96, relying upon this lawsuit for recovery of $4,004.90, the alleged reasonable value of the missing stirrup irons and stirrup straps. Despite the elaboration and culling over of various legal theories, that is all there is to the case.

██ Obviously, the basis of appellant's grievance is that it was told over the telephone that there were 2762 "sets" of parts for the McClellan cavalry saddle, and that these sets included stirrup irons and stirrup straps. No amount of characterization in the complaint can alter the fact that the case is solidly set upon a charge of innocent or wilful misrepresentation. And we have held, in Jones v. United States, 2 Cir., 207 F.2d 563, certiorari denied 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075, that Section 2680(h) of the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, bars a claim against the government for negligent misrepresentation as well as one for wilful misrepresentation or deceit.

██ The contract claim is equally without merit, and is disposed of by Judge Cashin's finding quoted above. We cannot possibly say this finding is clearly erroneous on this record. Nor need we rule on what might have been the case had there been evidence to support the alleged inspection of the contents of a single case. A cursory and perfunctory examination of a small part of the goods offered under an "Invitation" so limited and circumscribed by conditions and warnings is plainly insufficient to warrant any recovery whatever. Here there was no sale by description, and the buyer took the risk that the already identified boxes did not contain what he hoped was in them.

Affirmed.