David BROWN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1102.

United States District Court
N. D. Florida,
Pensacola Division.

April 10, 1961.

Rollin D. Davis, Jr., of Shell, Fleming & Davis, Pensacola, Fla., for plaintiff.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant.

CARSWELL, Chief Judge.

Plaintiff brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b) and 2671 et seq., for injuries which he allegedly sustained while he was employed in a junk yard in Pensacola, Florida.

The United States moved to dismiss plaintiff's complaint on the grounds that the United States is immune from liability as sovereign, because the cause of action as alleged arises through a misrepresentation, which cannot be brought under the Tort Claims Act, 28 U.S.C. Section 2680(h).

Plaintiff's employer, the Pensacola Junk Company, contracted with the United States to purchase surplus bomb casings which the United States offered for sale. In the written contract entered into between the Pensacola Junk Company and the United States, it was stated that the bomb casings had been deactivated or demobilized, and were safe for scrap metal purposes.

Upon delivery of the casings, plaintiff was engaged in cutting one of the casings with a torch, when the casing exploded and plaintiff was seriously injured.

Plaintiff's complaint alleges that the cause of action is based on the negligence of the United States in failing to deactivate and remove the explosive material from the bomb casing, and in failing to warn plaintiff that the bomb casings were not deactivated.

The United States contends that the cause of action is actually based upon negligent misrepresentation.

All of the cases cited by the Government are distinguishable from the facts alleged here. They fall into one of two categories. There are cases in which the United States entered into a contract with a person to sell certain goods possessed by the United States. In each such case the suit was brought by a party to the contract who sought reparation from the United States for damages incurred because the quantity or the quality of goods was not what the person contemplated. The damages were for loss of profit or monetary gain, rather than physical or bodily injuries, and such goods sold were not inherently dangerous in nature. United States v. Silverton,

1 Cir., 1952, 200 F.2d 824; Miller Harness Co., Inc. v. United States, 2 Cir., 1957, 241 F.2d 781; Anglo-American & Overseas Corporation v. United States, 2 Cir., 1957, 242 F.2d 236; Jones et ux. v. United States, 2 Cir., 1953, 207 F.2d 563, certiorari denied 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075.

The other category of cases deals with representations made by employees of the United States as to weather conditions in certain areas. In the two cases cited, agents or employees of the United States either failed to warn or did not give the proper advice to residents of flood areas prior to the time that flooding occurred. The cases are distinguishable on the facts, since (1) there is a serious question as to the duty on the part of the United States to undertake to warn anyone of dangers which have not been created by the United States (e. g. acts of God as opposed to man made hazards); (2) the damage to property in these cases was as a result of phenomenon over which the United States had no control, and could not in fact control; (3) the Flood Control Act, 33 U.S.C.A. § 702c, insulated the United States from liability and (4) the courts applied the misrepresentation exception as barring the causes of action alleged. Clark v. United States, 9 Cir., 1954, 218 F.2d 446; National Mfg. Co. v. United States, 8 Cir., 1954, 210 F.2d 263, certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108.

Here plaintiff's cause of action is based on negligence. He was not a party to any contract entered into with the United States. There was no representation made to plaintiff by the United States as to the deactivation of the bomb casings. No representation made to plaintiff's employer can be charged to plaintiff to preclude him a right of action against a tortfeasor.

If the allegations of the complaint are true, then the United States has permitted a highly dangerous contrivance to enter the channels of commerce. The United States has the responsibility to keep dangerous instrumentalities such as bombs and explosives from falling into unsuspecting hands. To permit the release of bomb casings without first ascertaining that they were safe is a breach of a duty for which a cause of action will lie. The legislative intent of the Federal Tort Claims Act clearly indicates that this allegation meets the test, if provable.

As to the plaintiff, the acts complained of were not mere verbal misrepresentations. The acts which plaintiff alleges are acts of omission or commission which constitutes a basis for an action in negligence.

The Court makes no ruling on the question of whether there is any liability of the United States to the Pensacola Junk Company, or whether any action by the Pensacola Junk Company would be barred by the application of the misrepresentation exception.

In Miller Harness Co., Inc. v. United States, supra, the Court in dismissing the action on the basis of misrepresentation stated, "No amount of characterization in the complaint can alter the fact that the case is solidly set upon a charge of innocent or wilful misrepresentation." [241 F.2d 783]. Conversely here, no amount of characterization by the United States, that the action is based upon a misrepresentation, can alter the fact that the case here is based upon negligence for which the plaintiff may bring action under the Federal Tort Claims Act.

Finally, this Court subscribes to the proposition stated in United States v. Neustadt, 4 Cir., 1960, 281 F.2d 596, 602:

"In view of this situation we do not think that the government is necessarily absolved from liability in every case of wrongful conduct on its part which incidentally embraces misrepresentation. It is abhorrent to common sense to hold that the government can relieve itself from liability for neglect of duty owed to an individual merely by telling him falsely that the duty has been faithfully performed; and it cannot be supposed that Congress had any such idea in mind when it included 'mis-

representation' among the exceptions to the statute. * * * "

The motion to dismiss is accordingly denied.