Merrill P. SMITH, A. J. Jarnigan and Allen D. Talbot, Board of Commissioners of the Third Division Irrigation District, Riverton Project, etc., Plaintiffs,

v.

UNITED STATES of America, the Department of Interior, Bureau of Reclamation, et al., Defendants.

Civ. No. 4721.

United States District Court
D. Wyoming.
Dec. 19, 1963.

J. J. Hickey, of Hickey, Rooney & Walton, Cheyenne, Wyo., for plaintiffs.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for defendants.

KERR, District Judge.

This is an action in two counts brought by entrymen under the Third Irrigation District of the Riverton Irrigation Project located in Fremont County, Wyoming. In the first count the entrymen seek to compel the United States of America, the Department of Interior, Bureau of Reclamation, the Secretary of the Interior and the Commissioner of Reclamation to proceed to provide adequate compensation for losses sustained by the plaintiffs, occasioned by their reliance upon the in-

formation circulated by the Department of Interior, Bureau of Reclamation, and failure of the Department to comply with Section 412 of Title 43 U.S.C. That law provides that after December 5, 1924, no new project or new division of a project shall be approved for construction, nor shall estimates be submitted therefor by the Secretary until he secures detailed information concerning the water supply, the engineering features, the cost of construction, land prices and probable costs of development, and makes a finding in writing that it is feasible and adaptable for actual settlement and farm homes and that it will probably return the cost thereof to the United States.

The first claim is in the nature of a mandamus under Section 1361, 28 U.S.C.A., as enacted by Public Law 87–748, Section 1(a), October 5, 1962, which reads as follows:

"The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■■ This section of the law does not contain a waiver of the sovereign immunity of the United States in a mandamus action. Congress has not thereby conferred upon this court jurisdiction to entertain any action seeking to require the United States of America to grant the relief sought by plaintiffs in their first claim.

Assuming for the purpose of this motion that the facts well pleaded in the complaint are true, and being completely sympathetic with the predicament of the entrymen, I am, nevertheless, constrained to find that Public Law 87–748 has not conferred jurisdiction upon this court to compel the United States of America, the Department of Interior, the Bureau of Reclamation, the Secretary of Interior, or Commissioner of Reclamation to do any of the following acts prayed for in the complaint:

(1)  to immediately proceed to provide adequate compensation ($2,520,000.00) for the losses sustained by plaintiffs and diverse other persons;

(2)  to submit to Congress a determination of the lack of economic feasibility of the Third Division Project; and

(3)  to request Congress for such relief as will provide equity to the entrymen damaged.

■■ To come within 28 U.S.C.A., § 1361, plaintiffs must show that defendants owe to the entrymen under the Third Division the duty to do the foregoing acts. Plaintiffs have not shown that the defendants have a duty to compensate the settlers for any losses they might have sustained. The Reclamation Act does not guarantee success to those who enter upon the lands.

■ Plaintiffs have not cited any authority and I have been unable to find any whereby this court has the power to direct officers or employees of the government to demand Congressional action such as is prayed for by the plaintiffs. The Constitution of the United States has created three distinct departments of government: The Legislative, the Executive and the Judicial. It would thwart every constitutional canon for this court to order an arm of the Executive Department to demand action by the Legislative Department.

■ Plaintiffs ask also for a determination by the defendants that the Third Division lacks economic feasibility. This court has no general supervisory power over these defendants by which to control their decisions with respect to the feasibility or lack of feasibility of these projects. Riverside Oil Company v. Hitchcock, 190 U.S. 316, 23 S.Ct. 698, 47 L.Ed. 1074 (1903). The law requires the Secretary of the Interior to make a written finding that a new project or new division of a project is feasible before it can be approved for construction. It does not create a duty that the Secretary of Interior, sixteen years after the project was commenced, to make a finding that it is not feasible. The Secretary

of Interior has no such duty that this court can compel him to perform under 28 U.S.C.A. § 1361. Even if that duty were found to exist, the law does not confer upon the judiciary any control over the substance of any finding which the Secretary might make. McEachern v. United States, W.D.S.C., 212 F.Supp. 706 (1963). Whether or not the Division is feasible is a finding which the Secretary, not this court, is required to make before the project is approved for construction.

For the foregoing reasons, I find that the first count of the complaint fails to state a claim upon which relief can be granted and the motion to dismiss should be sustained.

The second count of the complaint is brought under the provisions of the Federal Tort Claims Act and is based, in part, on alleged misrepresentations and inducements by the defendants. Liability for misrepresentation is expressly excluded from 28 U.S.C.A. § 1346(b) by 28 U.S.C.A. § 2680, which reads in part as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to— * * * (h) Any claim arising out of * * * misrepresentation * * *."

■ ■ Congress has not made actionable a claim against the United States resulting from statements or representations which allegedly induce persons to act to their detriment. United States v. Neustadt et ux., 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The United States is not amenable to suit for tort claims arising out of misrepresentation and deceit and a complaint based on misrepresentation fails to state a cause of action on which recovery may be had. Hall v. United States, 10 Cir., 274 F.2d 69 (1959); Jones et ux. v. United States, 2 Cir., 207 F.2d 563 (1953), cert. den. 347 U.S. 921, reh. den. 347 U.S. 940, 74 S.Ct. 627, 98 L.Ed. 1089.

■ A complaint based on damages accruing from misinformation as in the present case, is founded on "misrepresentation and deceit" within the exception to exemption from sovereign immunity from suit, and consequently does not state a right of action under Section 1346(b). Mid-Central Fish Co. v. United States, D.C.Mo., 112 F.Supp. 792 (1953), aff'd National Mfg. Co. v. United States, 8 Cir., 210 F.2d 263, cert. den. 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108.

■ Plaintiffs seek relief under the Federal Tort Claims Act on the additional ground that the government violated 43 U.S.C.A. § 412. They contend that because of defendants' omission or failure to comply with that law "a tort has been sustained by the injury sustained by" the entrymen. Plaintiffs claim that they would not have been injured if the Bureau of Reclamation, its agents, servants, employees and expanders had complied with the law. They allege that their claim for damages under the Federal Tort Claims Act arises from an omission which occurred prior to 1950, and which did not come to their attention until the present time.

Defendants move to dismiss this claim on the ground that it is excluded from the Federal Tort Claims Act by 28 U.S.C.A. § 2680(a), which reads as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

It is discretionary with the Secretary to determine the feasibility of a new project or division, and to approve the construction of a project or division. In an Attorney General's Opinion dated September 17, 1925 (34 Op.Atty.Gen. 545),

this same statutory provision was under discussion, and was construed by the Attorney General as follows at pages 548–549:

"Furthermore, irrespective of the date of original designation, the Baker project is a new project within the purpose of said sub-section B, in that construction is not yet started, and it was the intention of Congress in sub-section B to require all projects thereafter approved by the Secretary of Interior for the beginning of construction to be based upon findings in writing by the Secretary that they are feasible. \* \* \*

"I have the honor to advise you, therefore, that I am of the opinion that if you 'come to the conclusion that the Baker project is not a feasible project,' existing law does not 'make it (your) mandatory duty to begin the construction of the project, notwithstanding the conclusion on (your) part that it is not feasible.' On the contrary, I believe it is your duty to withhold the beginning of construction and to lay the matter before Congress for such action as it may deem proper."

The "injury or loss of property \* \* caused by the negligent or wrongful \* \* omission" upon which liability is predicated in 28 U.S.C.A. § 1346(b), does not allude to the type of financial loss for which plaintiffs seek relief. They say, in effect, that they are destitute. Plaintiffs have cited no authority for their contention that Congress contemplated that financial plight would come within the scope of "injury or loss of property". It would be unprecedented so to enlarge the liability of the government. I am not inclined so to undermine the shield of sovereign immunity. That is the prerogative of Congress, and Congress alone.

Likewise, the "omission" for which the United States accepts liability is not an alleged violation of a statute. The Federal Tort Claims Act evolved out of the concern of Congress for persons injured by government employees operating motor vehicles or otherwise acting within the scope of their employment. Richards et al. v. United States et al., 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The purpose of the Act was not to create new rights of action, but merely to establish a "novel and unprecedented" governmental liability. Rayonier Incorporated v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957).

For reasons stated, an appropriate order will be entered sustaining the motion to dismiss the complaint, together with the cause.