Merrill P. SMITH, A. J. Jarnigan, and Allen D. Talbot, Board of Commissioners of the Third Division Irrigation District, Riverton Project, Wyoming, on behalf of themselves and numerous other entrymen similarly situated, Appellants,

v.

The UNITED STATES of America, the Department of Interior, Bureau of Reclamation, the Honorable Stewart Udall, Secretary of the Interior, and the Honorable Floyd E. Dominy, Commissioner of Reclamation, Appellees.

No. 7628.

United States Court of Appeals
Tenth Circuit.

June 3, 1964.

J. J. Hickey of Hickey, Rooney & Walton, Cheyenne, Wyo., for appellants.

Elizabeth Dudley, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., Robert N. Chaffin, U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, were with her on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This action was brought by the settlers on an ill-fated federal reclamation project to recover their losses. Recovery is sought by way of mandamus [1] and the Federal Tort Claims Act.[2] The trial court sustained a motion to dismiss [3] and this appeal followed.

The plaintiffs-appellants are the members of the Board of Commissioners of the Third Division Irrigation District, Riverton Project, Wyoming, who sue on their own behalf and on behalf of other individuals similarly situated. The defendants-appellees are the United States, Department of Interior, Bureau of Reclamation, Secretary of the Interior, and the Commissioner of Reclamation.

The first claim is for mandamus under 28 U.S.C. §§ 1361 and 1391(e). In substance the allegations are: In 1917 a government engineer, in reporting on the project lands, called attention to the danger of seepage and the necessity of drainage to maintain irrigability. In spite of this report the Department in 1948 published a circular and notices describing the project lands as potentially productive for agricultural purposes. Relying thereon and on representations of the Bureau of Reclamation that a living could be made on the land, the plaintiffs applied for, and each was awarded, a farm unit in the Third Division Irrigation District of the project. They entered on the land in 1950 and 1951, invested their life savings, and attempted to farm. The doubt of reasonable opportunity for success soon became apparent. A series of studies and reports began in 1952 and continued to 1961. These pointed out the drainage problems and recommended substantial and continuing reductions in the irrigable acreage. The 1961 report of a board of consultants said that "drainability of some lands in the Third Division is questionable, if not entirely lacking, and their rehabilitation in the foreseeable future seems economically unfeasible." There was no compliance with 43 U.S.C. § 412 which provides that no new project or new division of a project shall be approved for construction until the Secretary makes a finding "that it is feasible, that it is adaptable for actual settlement and farm homes, and that it will probably return the cost thereof to the United States." The plaintiffs were induced to enter the Third Division without knowledge of the conditions and in reliance upon the representations that a living could be made on the family units. Although the complete inadequacy of the project and its development had been described in various surveys, the agents of the United States induced plaintiffs to enter the lands. The plaintiffs are destitute; they have asked defendants to correct the mistakes; and they "have been advised by agents of the United States Government that the project is to be closed."

The relief, in the nature of mandamus, sought by the first claim is that (1) the defendants "provide adequate recompense for the losses sustained by the plaintiffs"; (2) the defendants make a determination of the lack of economic feasibility of the project, and (3) the defendants request Congress to give such relief "as will provide equity" to the plaintiffs.

1. 28 U.S.C. §§ 1361 and 1391(e).

2. 28 U.S.C. §§ 1346(b) and 2671 et seq.

3. See Smith v. United States, D.C.Wyo., 224 F.Supp. 402.

The second claim is based on the Federal Tort Claims Act, realleges the pertinent portions of the first claim, avers that although the tort occurred in 1950 the plaintiffs did not become aware thereof "until the present," and seeks damages of $120,000 for each family unit— a total of $2,520,000.

■■ For a variety of reasons the first claim cannot be sustained. The courts have no power to control or influence the judgment of an officer or to direct the performance of a discretionary duty.[4] Any effort by a court to compel the Secretary to find lack of feasibility would violate this established principle. The courts have no control over the decisions of the individual defendants with respect to the feasibility or lack of feasibility of a reclamation project.[5]

■ The concept that the court should order the individual defendants to request Congress to give equitable relief to the plaintiffs violates the well established principle of separation of powers. We agree with the trial court that it "would thwart every constitutional canon for this court to order an arm of the Executive Department to demand action by the Legislative Department." [6]

■ Plaintiffs rely on the 1962 Act [7] relating to mandamus against federal officers and employees. Prior thereto the review of decisions of the Secretary of the Interior and similar officers was in the District of Columbia courts, in terms of mandamus to force them to perform ministerial duties. The 1962 Act provides a remedy by which the same jurisdiction can be exercised throughout the country.[8] It did not enlarge the scope of permissible mandamus relief.

■ The claim that the court should order that the plaintiffs be compensated for their losses is an effort to obtain a money judgment against the United States because of the failure of a federal reclamation project. The United States has never waived sovereign immunity to permit recovery in such circumstances.

In any event Congress has acted to alleviate the plight of the plaintiffs. Since the entry of judgment in the trial court, relief has been afforded by the Act of March 10, 1964, Public Law 88– 278, 78 Stat. 156. This Act authorizes the Secretary of the Interior to negotiate with the entrymen on the Third Division of the Riverton Project for the purchase of their lands at an appraised value determined without reference to deterioration in irrigability because of seepage or inadequate drainage and appropriates $2,000,000 for such acquisitions and other purposes. Water deliveries are to continue for the period 1964–1966. Before January 1, 1967, the Secretary is to determine the economic feasibility of described areas in the Third Division and report his findings to Congress.

■ Congress has acted, required the determination of economic feasibility, and provided for recompense. Plaintiffs say that there should be a judicial determination of value. This is no more than criticism of the Act, which in substance grants the relief sought by the first claim.

■■ The tort claims remain to be considered. So far as these are based on misrepresentation they are barred by 28 U.S.C. § 2680(h).[9] Reliance is also placed on the failure to make a finding of feasibility in accordance with 43 U.S.

---

4. Marbury v. Madison, 1 Cranch 137, 170, 2 L.Ed. 60; Decatur v. Paulding, 14 Pet. 497, 515, 10 L.Ed. 559.

5. See Riverside Oil Company v. Hitchcock, 190 U.S. 316, 325, 23 S.Ct. 698, 47 L.Ed. 1074.

6. Smith v. United States, D.C.Wyo., 224 F.Supp. 402, 404; see also Parker v. Kennedy, D.C.S.D.N.Y., 212 F.Supp. 594, 595.

7. 28 U.S.C. §§ 1361 and 1391(e).

8. Senate Report No. 1992 (To accompany H.R. 1960), 87th Cong.2d Session; 2 U.S.Code Cong. & Adm.News 1962 pp. 2784, 2785.

9. Hall v. United States, 10 Cir., 274 F. 2d 69, 71. See also United States v. Neustadt, 366 U.S. 696, 701–702, 81 S.Ct. 1294, 6 L.Ed.2d 614.

C. § 412. This was an omission in the execution of a statute and the failure to perform a discretionary duty. Recovery is barred by 28 U.S.C. § 2680(a).[10]

Affirmed.

---

10. Section 2680(a) forbids recovery of: "Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." See Powell v. United States, 10 Cir., 233 F.2d 851, 854; United States v. Gregory, 10 Cir., 300 F.2d 11, 13; and Morrell v. United States, 10 Cir., 331 F.2d 498.