Charles Roy **JORDAN** and
John Frank Jordan

v.

**UNITED STATES** of America.

**Civ. A. No. 689.**

United States District Court
S. D. Georgia,
Dublin Division.

Nov. 1, 1968.

G. Hughel Harrison, Lawrenceville, Ga., for plaintiffs.

William T. Morton, Asst. U. S. Atty., Augusta, Ga., for defendant.

## ORDER ON MOTION TO DISMISS

LAWRENCE, District Judge.

Title 7, Section 145 et seq. of the United States Code authorizes the Secretary of Agriculture to carry out operations or measures to eradicate and control the spread of the pink bollworm. He was authorized to promulgate rules and regulations to that end. Pursuant thereto, the Secretary of Agriculture determined to quarantine certain states, including Texas. Movements of cotton gin equipment were prohibited except upon issue of certificates. See *Regulations*, Section 301.52. The Secretary of Agriculture, under the same regulation, authorized certificates to be issued by inspectors permitting movement of regulated articles following fumigation treatment under the observation of an inspector and in accordance with methods selected by him and known to be effective under the conditions in which applied.

According to the complaint, the Plaintiffs, in May, 1965, acquired a Mote Press in Texas which was loaded upon a truck owned by John Frank Jordan and operated by Charles Roy Jordan. It was their purpose to transport the cotton gin equipment in question to Wrightsville, Georgia.[1] The Department of Agriculture as a condition to granting a permit to transport the equipment from Texas to Georgia required that the press be fumigated. The process was performed by the Big State Exterminating Co., Inc. under direction and supervision of Inspector Smith of the Plant Pest Control Division. It was accomplished by three hours exposure of the Mote Press (and truck) to Methyl Bromide, a gas. For convenience, the press was not removed from the truck when fumigated but was left on it and both were treated at the same time.

Plaintiff asserts that after the fumigation was completed he was advised by the Inspector as to the dangers and the exposure and was informed that it would be safe to operate the truck and that it was not necessary to remove the seat from the cab. It appears that some of the gas either penetrated or remained on the seat of the truck after the fumigation. On the trip to Georgia, this chemical residue caused severe burns to Charles Roy Jordan. The complaint alleges that these injuries were caused by the negligence of the United States acting by and through Inspector Smith within the scope of his employment.

The Motion to Dismiss is based on two exceptions in the Federal Tort Claims Act, 28 U.S.C. § 2680(a) and (h). The Act does not apply to and the sovereign immunity is not waived in:

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

"(h) Any claim arising out of * * misrepresentation * * *."

It seems plain that exception "(a)" is not applicable here since the Inspector is charged in the complaint with the failure to exercise due care.

The Government strongly urges that exception "(h)" applies, contending that the gist of the case is the alleged "mis-

---

1. A discovery deposition of Inspector Gordon W. Smith and Plaintiff's answers to Government interrogatories elaborate on the circumstances but I have not taken cognizance of anything there contained in ruling on the Motion to Dismiss.

representation" of Inspector Smith in informing Plaintiff that it was safe to operate the truck and that it was not necessary to remove the seat from the cab.

If this alleged misrepresentation were the sole basis of the Plaintiff's case, the Government's position might be tenable. However, as I read the complaint, the misrepresentation is only one element of the wrong-doing charged to the defendant. Implicit in the allegations is the charge that the Government was negligent not only in misrepresenting the safe condition of the truck but in the manner in which the Inspector permitted and directed the fumigation treatment to take place. Presumably, the Inspector was more of an expert and had a greater awareness of the dangers of a residuum of gas perforating or remaining in or on the seat of the truck than the Plaintiff. This is not a case where he was a mere bystander. He was an active participant. The regulations quoted require the fumigation treatment to be under his observation and in accordance with methods selected by him. Apparently, he chose to leave the cotton gin equipment on the truck and fumigate them simultaneously. Texas law will govern the case and I am assuming that where immunity is waived by the United States the tort law of that State permits a recovery for negligence under analogous circumstances in private litigation.

I must acknowledge some difficulty in reconciling the foregoing observations and distinctions with United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614. There it was held that a negligently inaccurate inspection and appraisal of a house by the Federal Housing Administration is not a basis for a tort claim against the Government since it arose out of a "misrepresentation". The Supreme Court said that the exception in § 2680(h) cannot be circumvented by plaintiffs drawing a distinction between a tort arising out of misrepresentation by the Government and a tort in which negligence is claimed to underlie the false representation.

I think the present case is different. In *Neustadt* the inspection and appraisal were necessary and were required of the F.H.A. They were the very basis of the misrepresentation. Here, Inspector Smith was not required to make any representation to Jordan as to the safety of the fumigation. The avowal he made in that respect was superfluous. It did not produce the injury. The latter was caused (as far as the complaint is concerned) by the unsafe method of fumigation which the Inspector presumably ordered and which he supervised. In other words, there exists here, independently of each other, both misrepresentation and negligence, which were not inextricably bound together. As to similar distinctions in Federal Tort Claims, see Beech v. United States, 5 Cir., 345 F.2d 872; Wenninger v. United States, D.C., 234 F.Supp. 499, and Brown v. United States, D.C., 193 F.Supp. 692.

The Regulations of the Secretary of Agriculture contained the following disclaimer: "The United States Department of Agriculture disclaims liability for any cost incident to inspection or treatment required under the provisions in this subpart, other than for the services of the inspector." The plaintiffs also signed the following in connection with the fumigation:

"I understand that my entire vehicle must be fumigated under the direction of PLANT PEST CONTROL, a department of the State of Texas. Therefore Big State Exterminating Co. is not responsible for any damage that may be caused by a proper fumigation of this vehicle and the equipment loaded on it." [2]

It is as clear that the latter is a disclaimer of the exterminator's and not of the Government's liability as it is that the former disclaimer relates merely to cost of inspection and not to liability of the United States for negligence.

The motion to dismiss is denied.

---

2. This does not appear in the complaint.