**MARIVAL, INC., Plaintiff,**

v.

**PLANES, INC., a corporation, and Larry Block, an individual, Defendants and Third-Party Plaintiffs,**

v.

**UNITED STATES of America, Third-Party Defendant.**

Civ. A. No. 12189.

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 30, 1969.

**856**

Sloane, Hockett & Iverson, Des Moines, Iowa, for plaintiff.

Stokes & Manning, Joseph R. Manning, Atlanta, Ga., for Planes Inc. and Larry Block.

Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for the United States.

### ORDER

EDENFIELD, District Judge.

The court has before it the third-party defendant's motion to dismiss or, in the alternative, motion for summary judgment.

On April 13, 1968, plaintiff purchased a Cessna 310D airplane from the defendant corporation, which plaintiff contends was not in the condition represented by defendants. Plaintiff sues the defendants on the basis of fraudulent misrepresentation, as well as breach of express and implied warranties that the aircraft had never been damaged and was fit for the purpose for which it was

intended. Defendants in turn have filed a third-party complaint against the United States on the ground that in representing the condition of the aircraft to the plaintiff, they relied upon a December 2, 1967, certification of airworthiness given by an authorized inspector of the Federal Aviation Agency. Defendants state that if the plane was in fact unairworthy, the Government inspector negligently made his annual inspection and negligently certified the craft's airworthiness. The United States bases its motion to dismiss or, in the alternative, motion for summary judgment, on two grounds. First, the United States contends that the aircraft inspector was not an employee of the federal government within the meaning of 28 U.S.C. § 2671 of the Federal Tort Claims Act, and thus any negligence on his part would not bind the United States under doctrines of respondeat superior. Second, the United States contends that the defendants' cause of action arises out of misrepresentation and therefore exempts the United States, under 28 U.S.C. § 2680 (h), from liability under the Tort Claims Act.

■■■ We feel that the question of whether the Federal Aviation inspector, appointed pursuant to 49 U.S.C. § 1425 (b), was an "employee of the government" within 28 U.S.C. §§ 1346(b), 2671, is not appropriate for decision at this time on either a motion to dismiss or a motion for summary judgment. An "employee" within § 2671 is ordinarily defined by the general principles of agency, since the purpose of the Tort Claims Act is to fix the government's liability under respondeat superior. 28 U.S.C. § 2674. United States v. Becker, 378 F.2d 319 (9th Cir. 1967); Brucker v. United States, 338 F.2d 427 (9th Cir. 1964), cert. denied, 381 U.S. 937, 85 S. Ct. 1769, 14 L.Ed.2d 701; Martarano v. United States, 231 F.Supp. 805 (D.Nev. 1964). While federal law clearly governs the question, Blackwell v. United States, 321 F.2d 96 (5th Cir. 1963), the determination of whether the FAA inspector was a federal employee involves many factors, see, Restatement (Second) of Agency § 220, the most crucial of which is the degree of control exercised or right of control retained by the United States over the details of the work performed by the inspector. Strangi v. United States, 211 F.2d 305 (5th Cir. 1954); Lipka v. United States, 369 F.2d 288 (2d Cir. 1966), cert. denied, 387 U. S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997, reh. denied, 388 U.S. 925, 87 S.Ct. 2129, 18 L.Ed.2d 1381. Thus, for example, for purposes of governmental liability, the distinction between independent contractors and servants, which depends so heavily on the control exercised, is imported into the definition of "employee" in the Tort Claims Act. United States v. Page, 350 F.2d 28 (10th Cir. 1965), cert. denied, 382 U.S. 979, 86 S.Ct. 552, 15 L.Ed.2d 470; Yates v. United States, 365 F.2d 663 (4th Cir. 1966); Hamman v. United States, 267 F.Supp. 411 (D. Mont.1967). The decision on this matter in the instant case is anything but clear, particularly on the barren record before us. See, Delgado v. Akins, 236 F.Supp. 202 (D.Ariz.1964); Gibbs v. United States, 251 F.Supp. 391 (E.D.Tenn. 1965); French v. Civil Aeronautics Board, 378 F.2d 468 (10th Cir. 1967), and the regulations under which the inspector operates—e. g., 14 C.F.R. §§ 43.-13, 43.15, 65.91, 65.93. See also, 14 C. F.R. §§ 91.163, 91.165, 91.169, 91.170.

■■■ Nevertheless, we hold that the government's motion to dismiss should be granted, since the government is exempted from liability under 28 U.S.C. § 2680(h), which provides that:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\*  \*  \*  \*  \*  \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights." (Emphasis added.)

■■■ Misrepresentation, as used in § 2680(h) as an exemption from tort li-

ability, may consist of either deliberate and wilful misrepresentation or negligent misrepresentation. Prosser, Law of Torts, § 102 (2d ed. 1964); United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The real question in the instant action is whether the third-party complaint is founded upon an allegation of negligent inspection of the aircraft or negligent misrepresentation, through a certificate that the aircraft was airworthy. An analysis will show that defendants' complaint and hopes for recovery are bottomed upon negligent misrepresentation, rather than negligent conduct.

■ The line between negligent conduct and negligent misrepresentation is often difficult to draw with precision. An element of misrepresentation runs through many forms of negligent conduct. Prosser, supra, at § 100. Indeed, negligent misrepresentation involves underlying negligent action. But more is needed to come within the misrepresentation exemption of § 2680(h) than merely an element of misrepresentation. United States v. Neustadt, supra, at 711, n. 26, 81 S.Ct. 1294.

Cases in which the courts have found negligence, rather than negligent misrepresentation, involve factual situations in which the misrepresentation involved is incidental to the negligent conduct. Thus, for example, Ingham v. United States, 373 F.2d 227 (2d Cir. 1967), cert. denied, 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292, and United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir. 1963), cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549, involved personal injury actions directly arising from the negligent failure to perform a duty. In *Ingham*, the Federal Aviation Agency controller failed to notify the crew of a plane of an adverse weather change. In *Wiener*, the Air Force failed to study commercial passenger air traffic in the area of an Air Force base as required by Air Force regulations and therefore breached their duty to warn pilots of the dangers of collision. In each instance, negligent performance of operational tasks led directly to personal injury. Of course, as the court stated in Wenninger v. United States, 234 F.Supp. 499, 505 (D.Del.1964):

"A failure to warn of an existing danger, when a duty to do so exists, is in a sense an implicit assertion that there is no danger. For some purposes, at least, this may be properly characterized as a misrepresentation. This is not the type of misrepresentation, however, that § 2680(h) was intended to cover."

Other cases involving negligent conduct in contradistinction to negligent misrepresentation have involved similar situations. Hartz v. United States, 387 F.2d 870 (5th Cir. 1968); Neff v. United States, 282 F.Supp. 910 (D.D.C.1968). In several cases involving malpractice actions against the United States, courts have carefully distinguished breach of the duty to communicate a correct diagnosis—which is within the § 2680(h) exemption—and breach of the duty of proper care, which involves communication only incidentally and is outside § 2680(h). Beech v. United States, 345 F.2d 872 (5th Cir. 1965); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); De Lange v. United States, 372 F.2d 134 (9th Cir. 1967).

Generally, cases of negligent misrepresentation concern pecuniary injury in commercial settings, rather than bodily harm, United States v. Neustadt, supra, 366 U.S. at 711, n. 26, 81 S.Ct. 1294, although several cases have refused to limit negligent misrepresentation to commercial or financial transactions. *See, e. g.,* Vaughn v. United States, 259 F. Supp. 286 (N.D.Miss.1966). An examination of the leading cases of negligent misrepresentation indicates that in each the cause of action arose directly from reliance on the communication of certain erroneous facts arrived at through negligent means. In United States v. Neustadt, supra, the purchaser of a home sued the United States for an overpayment to the seller, made in reliance upon an incorrect FHA appraisal, which was based upon an allegedly negligent in-

spection. The Supreme Court found that the claim arose out of misrepresentation, although negligence was involved, and was therefore barred by § 2680(h). As the Court put it:

"To say, as the Fourth Circuit did, that a claim arises out of 'negligence,' rather than 'misrepresentation,' when the loss suffered by the injured party is caused by the breach of a 'specific duty' owed by the Government to him, *i. e.*, the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of a tort of 'negligent misrepresentation' * * *." 366 U.S. at 706, 81 S.Ct. at 1300.

Several cases present facts similar to ours, in which the plaintiff relied to his detriment on misrepresentations negligently obtained by the United States. In Western Steel Buildings, Inc. v. Adams, 286 F.Supp. 570 (D.Colo.1968), the plaintiff relied upon stress tables supplied by the Agriculture Department, to construct a warehouse, whose walls later collapsed, ruining another party's potatoes. In Hall v. United States, 274 F. 2d 69 (10th Cir. 1959), a cattle owner sued the United States for the sale of cattle at reduced prices, in reliance upon Agriculture Department tests indicating some of the cattle were diseased. He contended the tests were negligently performed and that there were no diseased cattle. The court stated that although the literal language of the complaint sought a recovery for negligent testing, plaintiff's injury was not from physical damage to the cattle arising from the government's conduct, but from the negligent misrepresentation of the cattle's condition, causing a sale at a loss. In Smith v. United States, 333 F.2d 70 (10th Cir. 1964), and Jones v. United States, 207 F.2d 563 (2d Cir. 1953), cert. denied, 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075, the plaintiffs lost money due to reliance on representations of the United States concerning the value of land. Here again, negligent conduct in acquiring the facts may have led to the negligent misrepresentation, but the injuries arose from the misrepresentation and not the negligent conduct. *See, also,* Anglo-American & Overseas Corp. v. United States, 242 F.2d 236 (2d Cir. 1957). An interesting case for illustrative purposes is Coastwise Packet Co. v. United States, 277 F.Supp. 920 (D. Mass.1968), where the plaintiff relied upon a representation by the United States that the schooner it owned was certifiable for passenger-carrying service. On the basis of this representation, the plaintiff undertook an advertising campaign, hired a crew and accepted reservations. The plaintiff also alleged that a delay in obtaining the certification caused him to miss the revenues from one entire summer season. The court found that § 2680(h) barred the action since it was premised on reliance by the plaintiff on false representations. The First Circuit on appeal, Coastwise Packet Co. v. United States, 398 F.2d 77 (1st Cir. 1968), cert. denied, 393 U.S. 937, 89 S.Ct. 300, 21 L.Ed.2d 274, affirmed the decision as to those allegations depending upon reliance on the government's statements, but reversed on that part alleging improper delay in certification, since here negligent conduct, rather than misrepresentation, caused the delay.

In the instant action, the third-party plaintiff does not complain of a direct injury to person or property as a result of the alleged negligent inspection by the FAA mechanic. Rather, Planes, Inc. contends that its statements to the plaintiff concerning the condition of the aircraft were made in reliance upon the certification of airworthiness made by the FAA inspector. The negligence of the inspection is purely secondary, for it is the misrepresentation of the aircraft's condition upon which defendants relied in their commercial transaction with the plaintiff. The third-party complaint makes this clear:

"The basis of the plaintiff's original complaint is that the said aircraft

was in an unairworthy condition at the time of the sale by defendant; that the defendant misrepresented the airworthy condition of the aircraft to plaintiff; that the defendant breached an express warranty to plaintiff that the aircraft was in an airworthy condition; that the defendant breached an implied warranty to plaintiff that the aircraft was airworthy; that because of the alleged unairworthiness of the aircraft the plaintiff has been damaged.

"Defendant shows that it acted at all times in reliance upon the certification by William W. Cook that the aircraft was airworthy; that if it should be found liable to plaintiff for any representations or express or implied warranties concerning the airworthiness of the aircraft, said representations or warranties, if any, were made in reliance on the said airworthiness certification issued by the said William W. Cook; that if the aircraft is unairworthy, the said William W. Cook, Jr. did negligently make the said annual inspection and did negligently certify the aircraft was airworthy."

Thus, the defendants' third-party complaint does not seek the recovery of damages for any direct injuries flowing from the negligent inspection. *Contrast,* Rapp v. Eastern Air Lines, Inc., 264 F.Supp. 673 (E.D.Pa.1967), aff'd Scott v. Eastern Air Lines, Inc., 399 F.2d 14 (3d Cir. 1967), cert. denied, 393 U.S. 979, 89 S.Ct. 446, 21 L.Ed.2d 439. Rather, it seeks to use the inspector's certification to explain its alleged statements to the plaintiff, and indemnify itself against any recovery in the main action. The instant case presents a classic example of detrimental reliance upon an allegedly negligent misrepresentation in a commercial transaction. It was pre-

cisely this type of action, involving direct reliance on governmental communication of facts, rather than direct injury from negligent conduct, which § 2680(h) was designed to meet.[1]

For the reasons discussed above, the motion of the United States to dismiss is granted.

---

1. Moreover, it seems doubtful to the court, by way of dictum, that defendant could recover against the United States, in any case. The certificate of airworthiness is given pursuant to the congressional mandate that the Federal Aviation Agency secure safety in air transportation.

It is not designed as a commercial warranty upon which a party may sue the government. Compare the discussion of the Supreme Court in United States v. Neustadt, supra, 366 U.S. at 708–709, 81 S.Ct. 1294, regarding the intended purpose of an FHA appraisal.