CARGILL, INCORPORATED, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 4–74 Civ. 67.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 29, 1976.

---

Robert L. Lowe, Karlins, Grossman, Karlins, Siegel & Brill, Minneapolis, Minn., for plaintiff.

Stephen G. Palmer, Asst. U. S. Atty., District of Minnesota, Minneapolis, Minn., for defendant.

## MEMORANDUM

ROSS, Circuit Judge, Sitting by Designation.

This matter comes before the court pursuant to a stipulation of facts and the submission of trial and post-trial briefs by the parties.

Cargill, a grain importer, brings this suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, claiming that the government was negligent in handling and processing its request for certain amendments to its import permits. The plaintiff seeks damages in the amount of $112,284.41.

On January 29, 1971, Cargill wrote to the United States Department of Agriculture and requested that its " * * * import permit 41–376 * * * be revised to include importation of shelled hybrid seed corn from South Africa through the seaports of New York and New Orleans." In a letter dated February 12, 1971, the U.S.D.A. responded to the request in the following words: "Since your letter of January 29 * * * requested authorization for corn seed from South Africa through the ports of New Orleans and New York, we have today revised permit number 41–692 to include the port of New York." The revised

permits, which were attached to the U.S. D.A. letter, were not amended to authorize the importation of seed corn from South Africa. The U.S.D.A.'s letter failed to advise Cargill of an unwritten U.S.D.A. policy prohibiting the importation of seed corn from South Africa.[1]

Mr. Kendall Hayes, a representative of Cargill, received the letter of February 12 and attached permits. He read the letter but did not examine the permits. Relying on the communication contained in the letter, Hayes caused a shipment of seed corn consigned to Cargill to leave South Africa on February 16, 1971. The shipment arrived on March 1, 1971, at which time the United States customs officials notified Cargill that the permits it held did not allow the entry of the seed corn. On that date, Cargill requested correction of the permits to allow entry but the permits were not revised. On March 30, 1971, the U.S. D.A. issued an order for disposal of the seed corn. The seed corn was destroyed because of the possibility that the injurious plant disease *sclerospora philippinesis* Weston (commonly known as downy mildew disease) existed in the seed corn. Although the stipulation of facts does not so state, it may be inferred that the unwritten policy of the U.S.D.A. prohibiting the importation of seed corn from South Africa was based on the same reason.

In Count I of its complaint, Cargill alleges that a government agent negligently and carelessly failed to perform the operational task of amending the permits to authorize the entry of the seed corn into the country. In Count II, the plaintiff further alleges that it complained to the U.S.D.A. about the mistake, received assurances that corrective action would be forthcoming, but never received corrective action. Count III alleges that the government knew for several months prior to the permit application that the seed corn would be prohibited from entering the country, but negligently failed to warn the company of the prohibition.

Before this case was submitted on stipulation, the government moved to dismiss the complaint on the grounds, *inter alia*, that the claim was based on misrepresentation and was thus precluded under 28 U.S.C. § 2680(h). This court denied the motion stating that whether or not this action falls within the § 2680(h) exclusion could best be determined after a trial on the merits. After reviewing the stipulation of facts, the trial briefs and the relevant authorities, this court concludes that the plaintiff's complaint is barred under § 2680(h).

■ Section 2680(h), which precludes recovery on certain claims under the FTCA, reads as follows:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights \* \* \*. (Emphasis added.)

The court must look beyond the literal language of the complaint to ascertain whether, in substance, the cause of action is one for misrepresentation. *See Hall v. United States*, 274 F.2d 69, 71 (10th Cir. 1959).

The leading case on what is a misrepresentation under § 2680(h) is *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). In *Neustadt*, the United States was sued under the FTCA by a purchaser of real property who claimed that he had been furnished a statement reporting the results of a negligently inaccurate inspection and appraisal of the property. The inspection and appraisal were made by the Federal Housing Administration for mortgage insurance purposes. The Fourth Circuit held that the claim was not barred

---

1. The parties stipulated that the seed corn prohibition was not set forth in any ruling or regulation of the U.S.D.A. At all material times, the importation of South African seed corn was not prohibited by any statute or regulation governing such importations.

by § 2680(h). The court of appeals reasoned that, even though the claim could be characterized as an action for misrepresentation, the misrepresentation was "merely incidental" to the gravamen of the complaint which was the negligent and careless making of an excessive appraisal. The Supreme Court reversed, holding that the misrepresentation exclusion under § 2680(h) barred recovery. The Court held that § 2680(h) applies to negligent as well as intentional misrepresentations and reasoned as follows:

> To say, as the Fourth Circuit did, that a claim arises out of "negligence," rather than "misrepresentation," when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, *i.e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs*, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," as is clearly, if not conclusively, shown by the authorities set forth in the margin and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h).

*Id.* at 706–707, 81 S.Ct. at 1300–1301 (footnote omitted and emphasis added). The Court emphasized that even though FHA owed a specific duty to carefully inspect and appraise the property in question, and even though such carelessness by the government could not be condoned, the plain words of § 2680(h) precluded recovery. *Id.* at 710–711, 81 S.Ct. 1294.

In *Anglo-American & Overseas Corp. v. United States*, 242 F.2d 236, 237 (2d Cir. 1957) (per curiam), the plaintiff, a merchant engaged in the purchase and sale of imported food products, contracted with the United States to sell tomato paste which had to be ordered from overseas. As a condition precedent, the contract required that the paste meet the standards of the Food and Drug Administration. The paste was im-

ported and, after sampling it, the FDA issued "release notices" that notified customs officials to allow the paste to enter the country. Plaintiff accepted delivery and in turn delivered the paste to the government. Subsequently, the government inspected the paste again, found that it was adulterated, and ordered it destroyed. The Second Circuit held that the plaintiff's claim, based on the allegedly negligent first inspection, arose out of misrepresentation and was barred by § 2680(h). Significantly, the Second Circuit's reasoning in *Anglo-American* was cited with approval by the Supreme Court in *Neustadt.* 366 U.S. at 704 n.13, 81 S.Ct. 1294.

In *Rey v. United States*, 484 F.2d 45 (5th Cir. 1973), the plaintiffs sued the United States for damages flowing from the deaths of several hundred hogs. A government doctor told the plaintiffs that their hogs were infected with cholera and should be vaccinated. The hogs were given a highly dangerous live virus vaccine to combat hog cholera and several hundred died. The doctor's diagnosis was wrong and there was no reason to vaccinate the hogs. The plaintiffs sued alleging negligence in both the diagnosis of the disease and the testing of the hogs. The Fifth Circuit held that the claim was based on misrepresentation and therefore barred by § 2680(h). The court reasoned:

> Whatever the additional allegations of negligence in the defendant United States' operations, the negligently erroneous transmission of misinformation is the crucial element in the chain of causation from defendant's negligence to plaintiffs' damages. It is the key fact to be established, the *sine qua non*, of the theory of the amended complaint.

*Id.* at 49; *see also Saxton v. United States*, 456 F.2d 1105, 1106 (8th Cir. 1972). The court relied heavily on *Hall v. United States, supra*, 274 F.2d 69, in which an identical claim of a cattleman was also barred under § 2680(h). *Hall* was also cited with approval in *Neustadt v. United States*, *supra*, 366 U.S. at 703, 81 S.Ct. 1294.

In *Marival, Inc. v. Planes, Inc.*, 306 F.Supp. 855 (N.D.Ga.1969), the defendant, an airplane dealer, filed a third party complaint against the United States alleging that it suffered liability to an airplane purchaser by reason of an allegedly negligent inspection of the aircraft and certification of its airworthiness by the Federal Aviation Agency. The court dismissed the third party complaint reasoning as follows:

> In the instant action, the third-party plaintiff does not complain of a direct injury to person or property as a result of the alleged negligent inspection by the FAA mechanic. Rather, Planes, Inc. contends that its statements to the plaintiff concerning the condition of the aircraft were made in reliance upon the certification of airworthiness made by the FAA inspector. The negligence of the inspection is purely secondary, for it is the misrepresentation of the aircraft's condition upon which defendants relied in their commercial transaction with the plaintiff.

*Id.* at 859.

In *O'Donnell v. United States*, 166 Ct.Cl. 107 (1964), a congressional reference case, plaintiffs sued the United States on an alleged misrepresentation by a government agent that certain potato shipments would meet the import requirements of Sweden. The Court of Claims noted that even if a government employee negligently misrepresented the import requirements of Sweden, no legal liability would exist against the United States under § 2680(h). *Id.* at 109.

 These authorities, and others,[2] strongly support the government's position

that the plaintiff's cause of action is for misrepresentation and is therefore barred under § 2680(h). Stripped to its essentials, Count I of Cargill's complaint is that the U.S.D.A.'s letter of February 12 led the company to believe that its import permits would be or had been amended to allow entry of the South African seed corn into the country. As in the cases cited above, the misinformation contained in the February 12 letter is the crucial element in the chain of causation between any negligence on the part of the United States and the plaintiff's damages; the misinformation is the *sine qua non* of the plaintiff's complaint.[3] Count II of the complaint, which is based on false assurances of corrective action on the part of the U.S.D.A., is also based on misrepresentation. Count III is based on the government's failure to warn the company of the seed corn prohibition and is likewise based on misrepresentation.

Cargill strongly argues that the damages resulted from the failure of the U.S.D.A. to perform the operational task of revising the permits to allow entry of the South African seed corn. Cargill cites a line of authority which holds:

> Where the gravamen of the complaint is the negligent performance of *operational* tasks, rather than misrepresentation, the government may not rely upon § 2680(h) to absolve itself of liability.

*Ingham v. Eastern Airlines, Inc.*, 373 F.2d 227, 239 (2d Cir.), *cert. denied*, 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292 (1967) (emphasis added); *see also Hicks v. United States*, 167 U.S.App.D.C. 169, 511 F.2d 407, 414

---

**2.** The reasoning of *Neustadt* has been applied in a myriad of other contexts. See, e.g., *Scanwell Laboratories, Inc. v. Thomas*, 172 U.S.App. D.C. 281, 521 F.2d 941, 947 (1975), *cert. denied*, 425 U.S. 910, 96 S.Ct. 1507, 47 L.Ed.2d 761 (1976) (FAA misrepresented that it would accept the most competitive bid on defense contract); *Redmond v. SEC*, 518 F.2d 811, 814–815 (7th Cir. 1975) (misrepresentation by government respecting honesty of a securities dealer); *Fitch v. United States*, 513 F.2d 1013, 1016 (6th Cir.), *cert. denied*, 423 U.S. 866, 96 S.Ct. 127, 46 L.Ed.2d 95 (1975) (wrongful misrepresentation of obligation to enter armed forces); *Reamer v. United States*, 459 F.2d 709, 711 (4th Cir. 1972)

(government misrepresentation as to time of induction); *Nat'l Mfg. Co. v. United States*, 210 F.2d 263, 275–276 (8th Cir.), *cert. denied*, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954) (misrepresentation of weather and flood information); *Jones v. United States*, 207 F.2d 563, 564 (2d Cir. 1953), *cert. denied*, 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075 (1954) (misrepresentation by government of amount of oil on land, resulting in sale of stock at loss).

**3.** Another causative link may be characterized as the U.S.D.A.'s *failure* to inform Cargill in the February 12 letter of the unwritten prohibition respecting the South African seed corn.

(1975); *United Air Lines, Inc. v. Wiener,* 335 F.2d 379, 398 (9th Cir.), *cert. dismissed,* 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964); *cf. Indian Towing Co. v. United States,* 350 U.S. 61, 64, 69, 76 S.Ct. 122, 100 L.Ed. 48 (1955).[4]

■ The court rejects this argument. It was the failure of the U.S.D.A. to cite its unwritten seed corn prohibition in the February 12 letter, its misrepresentation respecting the importability of South African seed corn and the indication in the letter that the permits had been amended, upon which Cargill relied in shipping the seed corn from South Africa. It is undisputed that Cargill's representative, Hayes, relied *only* on the February 12 letter; he did not read the attached permits. Thus, it is the failure of the U.S.D.A. " * * * to use due care in obtaining and communicating information upon which [Cargill] may reasonably be expected to rely in the conduct of [its] economic affairs * * * " about which the company is complaining. *United States v. Neustadt, supra,* 366 U.S. at 706, 81 S.Ct. at 1300; *cf. Marival, Inc. v. Planes, Inc., supra,* 306 F.Supp. at 859; *Anglo-American & Overseas Corp. v. United States, supra,* 242 F.2d at 237.

The complaint is not actionable under the FTCA and is, therefore, dismissed.[5]

---

**4.** The cases cited by Cargill involve familiar forms of negligent operational conduct and have been distinguished from misrepresentation cases such as this which involve " * * * the invasion of interests of a financial or commercial character, in the course of business dealings." *United States v. Neustadt,* 366 U.S. 696, 711 n.26, 81 S.Ct. 1294, 1303 n.26, 6 L.Ed.2d 614 (1966), *quoting* Prosser, Torts, § 85 at 702–703 (1941 ed.).

**5.** The above and foregoing memorandum, together with the stipulation of facts contained therein, constitute the court's findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure.