Clement L. McEACHERN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8956.

United States Court of Appeals Fourth Circuit.

Argued June 11, 1963.

Decided July 25, 1963.

Clement L. McEachern, Greenville, S. C., pro se (Charles C. Moore, Spartanburg, S. C., on brief).

John C. Eldridge, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., John C. Williams, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and WINTER, District Judge.

ALBERT V. BRYAN, Circuit Judge.

■ Removed from office as a Hearing Examiner for the Social Security Administration by order of the Civil Service Commission, appellant Clement L. McEachern sought review and vacation of the order in the District Court. His suit was dismissed there on the ground that the court had "no jurisdiction to review the decision of the Civil Service Commission." The Administrative Procedure Act, 5 U.S.C. § 1001 et seq., we hold, governs the appointment and removal of such examiners and empowers the District Court to set aside the order for cause. We simply find jurisdiction; we intimate nothing as to the validity of the order.

Appointment of examiners is provided in § 11 of the Act 5 U.S.C. § 1010, as follows:

> "*Appointment of examiners; assignment, removal and compensation; jurisdiction of Civil Service Commission*
>
> "Subject to the civil-service and other laws to the extent not inconsistent with this chapter, there shall be appointed by and for each agency as many qualified and competent examiners as may be necessary for proceedings pursuant to sections 1006 and 1007 of this title, who shall be assigned to cases in· rotation so far as practicable and shall perform no duties inconsistent with their duties and responsibilities as examiners. Examiners shall be removable by the agency in which they are employed only for good cause established and determined by the Civil Service Commission * * * after opportunity for hearing and upon the record thereof. * * * *"

McEachern was duly appointed under this provision as hearing examiner on July 25, 1958. The Social Security Administration on October 20, 1961 requested the Commission to ascertain if there was good cause for his discharge. Social Security complained of his failure to meet his financial obligations, specifying eight instances. A full hearing before a presiding officer of the Civil Service Commission followed, both McEachern and Social Security appearing with counsel. McEachern's derelictions constituted, according to the "Statement of Charges and Specifications", a violation of the policy of the Department of Health, Education and Welfare in that they brought discredit on the Office of Hearings and Appeals, the Social Security Administration and HEW.

Upon the evidence the presiding officer sustained four, and dismissed four, of the charges. McEachern's discharge was recommended. The Commission, after hearing and study of the record, found "good cause" established for the dismissal, and so ordered. The defendant named in the complaint here is the United States of America. The prayer to the court was to "review and reverse" the determination of the Civil Service Commission and to "reinstate" McEachern; the predicate of the complaint was that the Commission was without substantial evidence warranting its decision.

In dismissing, the District Judge believed that the removal of an administrative officer was exclusively the province of the Executive Department—that the court could only look to see if the plaintiff had been relieved of his position in violation of statute or without the benefit of safeguarding procedures. Certainly this is true generally. E. g., Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957); Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364 (D.C.Cir.), cert. denied, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507 (1949). Indeed, it is recognized in the Administrative Procedure Act, particularly in § 5 dealing with review of agency adjudications. There "the selection or tenure of an officer or employee of the United States" is exempted from the Act. However, in the same clause is an exception of "examiners appointed pursuant to § 1010 of this title" [§ 5 of the Act], thus restoring the reviewability of "the selection or tenure" of an examiner named under the Act.

 This review may be obtained by the aggrieved person in the form of the complaint McEachern filed in the District Court. § 10(b) of the Act, 5 U.S. C. § 1009(b). Thereon the Court "shall decide all relevant questions of law, * * * and determine the meaning or applicability of the terms of any agency action". § 10(e), 5 U.S.C. § 1009(e). The Civil Service Commission is obviously an "agency" for, as we have already noted, the Act covers examiners removable by the Commission.

██ Venue of the action, since the amendment of October 5, 1962, to § 1391 (e), Title 28 U.S.Code, may be laid, as is the present suit, in the district of the plaintiff's residence. Moreover, by the same amendment the officers of the United States or its agency may be sued there.

██ Hence, dismissal of the suit for want of jurisdiction was in error; but in result the ruling was correct, for the United States was not the suable party. The only possibly proper defendants, as the Government concedes, were the members of the Civil Service Commission and the Commissioner of Social Security. In the circumstances we will set aside the order of dismissal and remand the action to the District Court with directions to drop the United States as a party defendant, allow the plaintiff to amend so as to implead proper defendants, and thereafter grant the plaintiff a hearing on the complaint in accordance with the provisions of § 10(e) of the Administrative Procedure Act, 5 U.S.C. § 1009(e).

Affirmed in part; vacated in part; and remanded.