LOCAL 542, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 14286.

United States Court of Appeals Third Circuit.

Argued Oct. 10, 1963.

Decided March 13, 1964.

Abraham E. Freedman, Philadelphia, Pa. (Martin J. Vigderman, Wilfred F. Lorry, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for petitioner.

Leo Maguire, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack, Atty., N. L. R. B., on the brief), for respondent.

Earle K. Shawe, Baltimore, Md. (Sidney J. Barban, Baltimore, Md., Daniel P. Dooley, (Drinker, Biddle & Reath, John Markle, Jr., Philadelphia, Pa., on the brief), for Giles & Ransome, Inc., amicus curiae.

Before STALEY, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This proceeding, under Section 10, subdivisions (e) and (f) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 160(e) and (f), is before the Court on a petition for review filed by Local 542, etc., the Union, and a cross-petition for enforcement filed by the Board. The

Union has joined in its petition for review a claim for affirmative relief against the Board.

## Cease and Desist Order

Apparently as a result of the usual organizational activities, the Union on March 5, 1962, filed with the Board a petition for certification as the bargaining agent for the parts and service department employees of Giles & Ransome, Inc., the Company. This action was followed by the layoff of seven employees in the unit. Thereafter, on March 13, the employees of the Company met and, after they were addressed by a Union representative, voted to strike. The strike commenced on the following day and continued thereafter for approximately ten weeks. It should be noted that the strike occurred at a time when the Union representatives were engaged in their organizational activities.

A picket line, under the direction and supervision of a Union official, was maintained at the entrance to the Company's premises on a round-the-clock basis. As a consequence of a series of incidents which occurred while picketing was in progress, the Company, on March 27, filed with the Board an unfair labor practice charge on the basis of which a complaint issued. A hearing on the complaint was held on June 6, after the strike had terminated. It is clear from the record of this hearing that the Union had supported the strike.

■ At the hearing before the Trial Examiner there were six witnesses, five of them victims of the picketers' conduct, who testified about incidents which occurred on March 16, 17, 22 and 27, at the entrance to the Company's plant and elsewhere. The testimony of these witnesses was not substantially contradicted. We are persuaded, as was the Trial Examiner, that much of the testimony offered by the Union was negative, evasive, and lacking in probative value. The Trial Examiner, having decided that the testimony offered by General Counsel was credible, found that the Union threatened to inflict bodily injury upon employees,

damaged property of the Company and others, and interfered with or blocked ingress and egress of employees and others to the premises of the Company. These factual findings are supported by substantial evidence and may not be disturbed.

The Trial Examiner concluded that the course of conduct pursued by the Union was an unfair labor practice within the meaning of § 8(b) (1) (A), 29 U.S.C.A. § 158(b) (1) (A), in that it restrained and coerced employees in their exercise of the right to refrain from union activities, a right guaranteed by § 7 of the Act, 29 U.S.C.A. § 157. The findings of fact and conclusions of the Trial Examiner were adopted by the Board and the cease and desist order here in question issued.

■ The Union contends that the evidence was insufficient to support the ultimate determination that it had been guilty of an unfair labor practice within the meaning of the statute. It is argued that the episodes upon which the determination rests were so minor and isolated that they cannot be regarded as coercive. We cannot agree. The argument seems to overlook the setting in which the incidents occurred. It is significant that the incidents occurred in the early days of the strike and within the relatively short period of eleven days, when the Union was most active in its organizational effort; they were not spread over the ten weeks of the strike, as the Union here contends. It is clear from the evidence that the conduct of the offenders created an atmosphere of coercion and intimidation.

■ The Union urges in support of its argument that the episodes "had no effect upon the operation of the employer's business, and they coerced or intimidated no one." That no one was in fact coerced or intimidated is of no relevance. The test of coercion and intimidation is not whether the misconduct proves effective. The test is whether the misconduct is such that, under the circumstances existing, it may reasonably tend to coerce or intimidate employees in the exercise

of rights protected under the Act. Highway Truck Drivers & Helpers Local 107 v. N. L. R. B., 107 U.S.App.D.C. 1, 273 F.2d 815 (1959); Time-O-Matic, Inc. v. N. L. R. B., 264 F.2d 96, 99 (7th Cir. 1959); Progressive Mine Workers v. N. L. R. B., 187 F.2d 298, 301 (7th Cir. 1951); N. L. R. B. v. Ford, 170 F.2d 735, 738 (6th Cir. 1948). The misconduct of the Union in this case met this test.

The several Supreme Court decisions cited by the Union in support of its position are clearly inapposite. The cases involved situations in which state courts enjoined the maintenance of picket lines because of violence which occurred during the course of strikes. The cease and desist order in this case was directed solely to misconduct which violated the Act.

### CLAIM FOR AFFIRMATIVE RELIEF

The petition for certification, hereinabove referred to, was filed on March 5, 1962, and formal hearings thereon were held on March 27 and April 3. This was at or about the time that the Company filed its unfair labor practice charge. Thereafter, the Regional Director apparently held further action on the petition in abeyance.

The pertinent provisions of § 9(c) (1), 29 U.S.C.A. § 159(c) (1), with reference to petitions for certification, read as follows:

"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

* * * * * *

the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. * * * If the Board finds upon the record of such hearing that such a question of representation exists, it SHALL DIRECT an election by secret ballot and SHALL CERTIFY the results thereof." (Emphasis supplied.)

The Union here argues that "a question of representation" was disclosed at the hearings and that under the circumstances the Board is required to direct an election and certify the results.

There is included in the petition for review a request that this Court direct the Board to conduct a representation election and certify the results, in compliance with the statute. This claim for affirmative relief is in the nature of an original action clearly independent of either the petition for review or the petition for enforcement. Therefore, we are met at the threshold by a question as to the jurisdiction of this Court to grant the relief sought. We purposely confine our discussion to this question; whether, under the facts and circumstances of this case, the district court would have jurisdiction to compel administrative action, we do not decide.

The jurisdiction of a court of appeals to review the actions of the Board, and the limits thereof, are defined by § 10(f), 29 U.S.C.A. § 160(f), the pertinent provisions of which read as follows:

"Any person aggrieved by a FINAL ORDER of the Board GRANTING OR DENYING in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, * * *, by filing in such a court a written petition praying that the order of the Board be modified or set aside." (Emphasis supplied.)

It is clear from a reading of the statute that the jurisdiction of this Court is limited to a review of final orders granting or denying relief. Contractors Association of Philadelphia and Eastern Pennsylvania v. N. L. R. B., 295 F.2d 526 (3rd Cir. 1961), cert. den. 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 612. There is here no such order for us to review.

■ The argument of the Union in support of this Court's jurisdiction rests, at least in part, on the case of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Therein the Supreme Court, having determined that the statutory review proceeding was inadequate, held that under § 1337 of Title 28 U.S.C.A., the district court had jurisdiction of an original action to vacate and set aside an order of the Board "made in excess of its delegated powers and contrary to a specific prohibition in the Act." There are other cases in which the Supreme Court has sustained the jurisdiction of the district courts to entertain appropriate suits for relief against agency action where the statutory review proceeding was absent or inadequate. Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944); Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570 (1912); American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L. Ed. 90 (1902). These cases cannot avail the Union. The jurisdiction of this Court under the Act is appellate and revisory, as it is in most cases, and not original.

■■ The Union, in further support of its position, argues that this Court has jurisdiction under Section 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009. The argument is based upon an erroneous construction of the statute. There is nothing in Section 10 or any other clause of the Act which extends the jurisdiction of either the district courts or the appellate courts to cases not otherwise within their competence. Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912, 914 (2d Cir. 1960), cert. den. 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188; Kansas City Power & Light Company v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 933 (1955), cert. den. 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780. The Act is clearly remedial and not jurisdictional.

It is apparent from a mere reading of Section 10(b) that where the statutory method of review is either absent or inadequate, the only remedy of an aggrieved party is "any applicable form of legal action * * * in any court of competent jurisdiction."

The case of Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961), cited in the Union's supplemental brief, is not to the contrary. Therein the Court determined that the review proceeding under Section 10(e) of the Labor Management Relations Act, supra, was inadequate. It held that under the circumstances the district court had jurisdiction to entertain an original action against the Regional Director of the Board under Section 10, subdivision (b) of the Administrative Procedure Act, supra.

The petition for review, including the claim for affirmative relief, will be dismissed and the petition for enforcement of the cease and desist order will be granted.