**SPRAGUE ELECTRIC COMPANY,**
Plaintiff,

v.

**The TAX COURT OF the UNITED STATES**

and

**The Honorable John E. Mulroney,**
Defendants.

Civ. A. No. 63-140-C.

United States District Court
D. Massachusetts.

June 5, 1964.

Edmund Burke, Hale & Dorr, Boston, Mass., James M. Mulligan, Jr., Wilmington, Del., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Murray Falk, Asst. U. S. Atty., Thomas R. Manning, Tax Division, Washington, D. C., for defendants.

CAFFREY, District Judge.

This is a civil action in which plaintiff says that it seeks relief in the nature of mandamus to compel defendants, the Tax Court of the United States and the Honorable John E. Mulroney, a judge thereof, to perform duties plaintiff alleges are owed to it. Jurisdiction is based on 28 U.S.C. § 1361. The claim to relief arises from a decision of the Tax Court in Sprague Electric Co. v. Commissioner of Internal Revenue, and more particularly from an order entered therein by Judge Mulroney on November 27, 1962 determining certain deficiencies in plaintiff's income, declared value excess profits and excess profits taxes for the years 1941 to 1945. The order complained of was based on Judge Mulroney's opinion of September 19, 1961, reported at 36 T.C. 1043.

The complaint may be summarized as follows:

The plaintiff originally raised twenty contested issues in its petition to the Tax Court. Nineteen of these issues were settled by stipulation and the case went to trial on the twentieth issue, which involved certain claims under Section 721 of the Internal Revenue Code of 1939. Plaintiff claimed that six items produced by it gave rise to "abnormal income" within the provisions of Section 721, and alleges that the Tax Court erred in ruling against its claim as to one of these items, i. e., networks. The basis of its claim of error is that the Tax Court accepted the Commissioner's argument with respect to this item even though this argument was raised for the first time on brief after the close of evidence. Therefore, the plaintiff concludes that the Tax Court exceeded its own rules of procedure, made a ruling unsupported by the facts, and by refusing to allow the plaintiff to reopen the record deprived it of "a fair opportunity to present its case."

The second alleged error on which plaintiff bases its claim in this court is that after the record was closed in the Tax Court, that court approved the Commissioner's argument that income from electrolytics should be included in the calculation of abnormal income. In accepting this argument, plaintiff concludes, the Tax Court "committed a twofold abuse of discretion" in that (1) it violated procedure in determining an issue not properly raised by the pleadings, and (2) it misinterpreted Section 721 (a) (1). Plaintiff's final ground for this suit is that the Tax Court arbitrarily ignored the plain language of Section 721, the regulations promulgated by the Commissioner and the rule established by the Tax Court in other cases in holding that "administrative and general expenses" are a "direct cost or expense."

On the basis of the foregoing plaintiff seeks an order vacating, nullifying and setting aside the Tax Court order entered on November 27, 1962 and directing the Tax Court to enter a new order to the effect that plaintiff's income, declared value excess profits and excess profits taxes for 1941 to 1945 be computed (a) by including plaintiff's income from networks as an item of abnormal income attributable to prior years; (b) by eliminating electrolytics from the cal-

culation of plaintiff's abnormal income and net abnormal income; and (c) by excluding plaintiff's "administrative and general expenses" from the amounts subtracted from abnormal income.

The defendants filed a motion to dismiss this action on the grounds that (1) this Court lacks jurisdiction over the subject matter; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the Tax Court of the United States cannot be sued absent specific statutory authority. The motion was briefed and argued orally.

■ The defendants' first ground is well taken. While plaintiffs have denominated this case as a civil action seeking relief in the nature of mandamus, the true nature of the relief sought cannot be concealed or altered by the use of the label "mandamus." The clear and only purpose of this suit is to obtain from this court first a judicial review and then a reversal of the decision of the Tax Court in Sprague Electric Co. v. Commissioner. This court does not have jurisdiction so to do. 26 U.S.C. 1958 ed. § 7482 places exclusive jurisdiction to review, vacate, nullify and set aside a decision of the Tax Court in the United States Courts of Appeals. The section provides:

"(a) *Jurisdiction.* The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in section 1254 of Title 28 of the United States Code, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 1254 of Title 28 of the United States Code."

Indeed, the very decision of the Tax Court involved herein has unsuccessfully been appealed by plaintiff to the Court of Appeals for this Circuit which handed down an opinion adverse to plaintiff on April 28, 1964.

■ In addition to the prohibition of the above-quoted section, there is another specific prohibition which prevents even a Court of Appeals from determining issues decided by the Tax Court under Section 721 of the Internal Revenue Code of 1939. I refer to 26 U.S.C. 1952 ed. § 732, which provides in pertinent part:

"SEC. 732. REVIEW OF ABNORMALITIES BY THE TAX COURT OF THE UNITED STATES * * *

"(c) *Finality of determination.* If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court."

Having in mind that the finality of this section has been upheld by the Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Circuits, and that the Supreme Court has repeatedly denied certiorari from this group of decisions, it would be over-reaching of the worst kind and an abuse of discretion on the part of a District Court to assume the right to review such a final decision by the Tax Court under the guise of exercising mandamus jurisdiction.

■ A still further bar to the exercise of what amounts to appellate review of a Tax Court decision by a District Court is found in 28 U.S.C. § 2201, which states in pertinent part:

"§ 2201. *Creation of remedy*

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seek-

ing such declaration, whether or not further relief is or could be sought." (Emphasis added.)

 The second ground of defendants' motion to dismiss is equally well taken. 28 U.S.C. § 1361, enacted in 1962, is a statute dealing with venue, the obvious intendment of which was to increase the number of District Courts in which actions for mandamus might be filed and to obviate the need for litigants from all over the country traveling to the District of Columbia in order to institute an action for mandamus. It is clear from the legislative history of this section that it did not and was not intended by Congress to create any new causes of action not authorized prior to its enactment, nor to repeal any existing statutory bars, other than those of a geographical nature, to the bringing of actions for mandamus. See McEachern v. United States, 212 F.Supp. 706 (D.C.S.C.1963), affirmed in part, vacated in part on other grounds and remanded, 4 Cir., 321 F.2d 31. The only effect of the enactment of 28 U.S.C. § 1361 was to eliminate the previously existing limitation of mandamus jurisdiction to the District Court for the District of Columbia and to extend mandamus jurisdiction to the other District Courts of the United States.

■ Assuming in plaintiff's favor that if Judge Mulroney had refused to render any decision at all in the case of Sprague Electric Company v. Commissioner, supra, an action of mandamus would then lie in this court to order him to file a decision either for or against the plaintiff, there is, on the actual record of this case, no legal basis to establish that plaintiff has any right under any existing statutory or case law to an order of this Court directing a judge of the Tax Court to decide a case in favor of one party rather than another. The obligation of the Tax Court was and is to find the facts and apply existing law to those facts. Having done so, the correctness of that fact-finding and application of what the Tax Court

believed the law to be, is not to be decided by filing a petition for appellate review in this Court and tagging it with the label of mandamus. Putting it another way, mandamus is available in situations in which a federal official has failed to perform a non-discretionary ministerial act. Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S. Ct. 752, 2 L.Ed.2d 788 (1958). No such failure is shown on the pleadings herein, and mandamus therefore may not be used as a substitute for an appeal from the decision made by the Tax Court. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041.

In view of the foregoing, it is not necessary to consider the third ground of defendants' motion to dismiss.

Motion to dismiss allowed.