NATIONAL ANTI-VIVISECTION SOCI-
ETY, an Illinois not-for-profit cor-
poration, Plaintiff,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Defendant.

No. 64 C 775.

United States District Court
N. D. Illinois, E. D.

Oct. 22, 1964.

Douglas P. Maloney, Peter D. Fitz-
gerald, Chicago, Ill., for plaintiff.

Edward Hanrahan, U. S. Atty., Chi-
cago, Ill., for defendant.

ROBSON, District Judge.

Plaintiff, National Anti-Vivisection
Society, filed a complaint requesting this
court to mandamus the Federal Com-
munications Commission either to con-
duct a hearing and revoke the permit of
the Weigel Broadcasting Company, or
issue a cease and desist order against
certain further television broadcasts by
that station. The Commission's motion
to dismiss is based on this court's lack of
jurisdiction to issue a mandamus order.

On January 6, 1964, the Society wrote
the Commission in opposition to tele-
casting of films of bullfighting in Mexi-
co City over WCIU–TV, a Chicago UHF
television station. Channel 26 station is
owned by the Weigel Broadcasting Com-
pany and presently operates under pro-
gram test authority pursuant to issu-

ance of a Federal Communications Commission permit. Actual televising of bullfights began on February 26, 1964, and the Society wrote the Commission on February 26, 1964, alleging that the broadcasts constitute a public and private nuisance; are contrary to the public interest as constituting an obscene portrayal, and contravenes the public policy of Illinois (Ill.Rev.Stat.1963, ch. 8, § 229). The Society also demanded a hearing to revoke the operating permit or issue a cease and desist order against further telecasts. By letter, the Commission denied the request to institute immediate proceedings and stated the Commission would adhere to its normal practice of considering objectionable programming when WCIU–TV would file a renewal application, September 1, 1964. At this juncture, this suit was filed.

Initially it must be determined whether a mandamus action in the District Court is the proper procedure for the Society to follow. Section 402(a), 47 U.S.C. provides that:

"* * * Any proceeding to enjoin, set aside, annul or suspend any order of the Commission under this [act] * * * shall be brought as provided by and in the manner prescribed in * * * [Public Law 901, 81st Congress]."

This is exclusively by appeal to the Circuit Court of Appeals, with that right of appeal limited to "aggrieved" or "adversely affected" persons. Those persons have been construed only to include those with a substantial interest in the Commission's order, such as existing license holders, radio station owners, or persons capable of showing the likelihood of economic injury (Southwestern Publishing Co. v. Federal Communications Commission, 100 U.S.App.D.C. 251, 243 F.2d 829 (1957)).

The Commission's position suggesting that the Society await the time when WCIU–TV applies for a normal license does seem to be an order from which an appeal is cognizable (Tomah-Mauston Broadcasting Co., Inc. v. Federal Communications Commission, 113 U.S.App. D.C. 204, 306 F.2d 811 (1962)). However, this court strongly doubts whether the Society has the standing to appeal under § 402(b), because although vanguards for interests which need protection, this fact does not bring automatic inclusion within the aforementioned section. Therefore, the court finds it necessary to consider the entire matter under Title 28 U.S.C. § 1361, which grants this court the power to mandamus a governmental official to perform a duty. A perusal of the legislative history indicates that § 1361 is primarily aimed at enlarging the venue in mandamus actions heretofore cognizable only in the District of Columbia, and not a creation of new causes of action. Instead, the court's power is limited to compelling the official to act but *not* to direct him *how* to act.

 Section 1361 and its legislative history indicate that "duty" as used therein, has reference to ministerial steps commanded by the statute. This does not include any untrammeled authority in the District Court to control or hamper the exercise of discretion vested in an officer or governmental agency (Dover Sand & Gravel, Inc. v. Jones, 227 F.Supp. 88 (D.N.H.1963)). Furthermore, once substantial compliance with administrative procedures is shown, the wisdom or good judgment employed therein is not reviewable (Seebach v. Cullen, 224 F. Supp. 15 (N.D.Cal.1963)).

 Since the ministerial duties of the Commission with regard to instituting revocation proceedings or issuing cease and desist orders are provided for by 47 U.S.C. § 312(a) (b), there is implicit within the institution of either proceeding the requisite of a hearing, mentioned in § 312(c) and desired by the Society. However, in relation to employing these sanctions, In re Application of Gulf Television Company, 11 Pike and Fischer Radio Reg. 460, 464 (1954), clearly states that § 312 gives the Commission complete discretion in the powers exercised thereunder (Tomah-Mauston

Broadcasting Co., Inc. v. Federal Communications Commission, supra; C. J. Community Services, Inc. v. Federal Communications Commission, 100 U.S. App.D.C. 379, 246 F.2d 660 (1957)). The preceding cases suggest the broad range of discretion which the Commission possesses in these matters. This court believes the Commission disregards no ministerial duties when adhering to its normal practice of considering objectionable programming at license renewal time. The court therefore denies that jurisdiction exists under § 1361 to mandamus the Commission for any reason.

Little support for the Society's contentions is found in Dover Sand & Gravel, Inc. v. Jones, supra. This case involved the exercise of discretion reposed in the General Services Administration under 40 U.S.C. § 484 when negotiating for the disposal of surplus government property. The court refused to mandamus the General Services Administration's Regional Director to negotiate with the plaintiff since a discretion was lodged in the director to exercise the authority to refuse to negotiate, which authority is analogous to that possessed by the Commission when it denies a hearing under § 312, and this court finds nothing improper therein.

Lastly, the decision in Indiana & Michigan Electric Company v. Federal Power Commission, 224 F.Supp. 166, 170 (N.D.Ind.1963), is worthy of mention. There mandamus was sought to challenge a ruling by the Federal Power Commission. The court interpreted § 1361 thus:

"* * * The duty imposed upon the Commission as that term is used in § 1361 of Title 28 * * * *is the duty to rule when clearly required by law to do so,* but the nature and propriety of the ruling becomes a discretionary matter, and it is not within the jurisdiction of this court to review discretionary rulings or orders of the Commission." (Emphasis added.)

There plaintiff showed where the Federal Power Act, Title 16 U.S.C. § 825f and Title 5 U.S.C. § 1011 of the Administrative Procedure Act, required the Commission to rule on the defendant's requests for the issuance of subpoenas to aid discovery. The court found that it had a duty to rule on the requests, which had been fulfilled, but felt no corresponding authority to mandamus the Commission, although disagreeing with the propriety of its decision. This court never reaches the first juncture since the Society was not owed the initial duty of receiving a hearing on its complaint.

The Commission's motion to dismiss is hereby granted and the cause is hereby dismissed.