**NATIONAL ALLIANCE OF POSTAL
AND FEDERAL EMPLOYEES**

v.

**UNITED STATES of America and Assist-
ant Secretary for Labor Management
—U. S. Dept. of Labor.**

**Civ. A. No. 71–1130.**

United States District Court,
W. D. Pennsylvania.

Dec. 29, 1971.

David B. Washington, Pittsburgh, Pa.,
for plaintiff.

James Seif, Pittsburgh, Pa., for the
United States.

MEMORANDUM AND ORDER DENY-
ING PRELIMINARY INJUNCTION
AND DISMISSING CASE

KNOX, District Judge.

We have before us a Petition to Review a Decision of an Assistant Secretary of Labor rendered under Executive Order 11491 covering labor-management relations in federal service. The Executive Order in question superseded an earlier Executive Order 10988 issued in 1962.

Petitioner claims that it is the exclusive bargaining representative of certain employees of the Veterans Administration Hospital, Leech Farm Road, Pittsburgh, Pennsylvania, under an agreement dated May 3, 1971, replacing certain prior agreements. A rival union, The American Federation of Government Employees, AFL–CIO, petitioned for an election under date of May 5, 1971, and an election was ordered for December 7, 1971.

Upon presentation of the Petition, we entered a Temporary Restraining Order staying the holding of the election until we had an opportunity to conduct full hearing of the difficult questions involved and hear full arguments with respect to the same. The Temporary Restraining Order was granted after a short conference with United States Attorneys and the case was originally fixed for hearing on the preliminary injunction on December 14, 1971. The hearing was later rescheduled for December 29, 1971. The government has moved to vacate the Temporary Restraining Order and to dismiss the case for failure to state a claim upon which relief can be granted. After hearing and consideration of arguments of counsel and briefs, we conclude that we must vacate the Temporary Restraining Order, deny the Preliminary Injunction and Dismiss the case.

■ Plaintiff claims the right to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Under 5 U.S.C. § 702, judicial review may be had by "a person suffering legal wrong". Under 5 U.S.C. § 703, the proceeding is to be had in a court specified by statute or in the absence or inadequacy thereof "in a court of competent jurisdiction". The action which it is sought to review here was not taken by the assistant secretary under any statute. No Act of Congress has been cited to us covering labor-management relations with government employees and it appears that these procedures are based entirely on Executive Orders which do not provide for judicial review. Our reasons for determining that the action must be dismissed are based upon the following:

First: Insofar as the United States of America is a defendant in this case, we have no jurisdiction to entertain a suit against the sovereign in the absence of its express consent to be sued. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058; Manhattan-Bronx Postal Union v. Gronouski, 121 U.S.App.D.C. 321, 350 F.2d 451 (1965) involving the predecessor Executive Order 10988.

Second: We have no personal jurisdiction over the defendant, Assistant Secretary of Labor. He is not shown to be subject to service of process in the Western District of Pennsylvania. Any proceeding against him should be brought in the District Court for the District of Columbia. See 5 U.S.C. § 703 concerning venue. We have been cited to no statute giving this court in personam jurisdiction over this official in these circumstances.

Third: We are impressed by the argument that no judicial review can be had of an order directing election under this Executive Order for the reason that these Executive Orders have no basis in Statute, are promulgated fully by the President and he can revoke or modify them at any time. They are purely a matter of grace with the Executive. This was so specifically held in Gronouski, supra. There may be exceptions to this where acting under the Executive

Order, the Assistant Secretary has violated Constitutional Rights of Government workers or has acted in an arbitrary or discriminatory manner as was claimed in National Association of Government Employees v. White, 135 U.S. App.D.C. 290, 418 F.2d 1126 (1969), but such is not the case here.

Fourth: Plaintiff has not exhausted its administrative remedies. Under 5 U.S.C. § 704, only final agency action is reviewable.[1] In Executive Order 11491, provision is made that any party aggrieved by the final decision of the Assistant Secretary may petition the Federal Labor Relations Council for a review. Admittedly plaintiff has not sought review by this body and, therefore, has not exhausted administrative remedies and the case is not ripe for judicial review. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54. See also Local 542 etc. v. NLRB, 328 F.2d 850 (3d Cir. 1964); Zimmerman v. United States Government, 422 F.2d 326 (3d Cir. 1970).

In addition, it would seem that a mere order of the Assistant Secretary ordering an election is not a final agency order under any circumstances but only an interlocutory decision. There is no final order at least until such time as the election has been held and one bargaining unit or the other or neither has been certificated. We express no opinion as to whether plaintiff may at that time ask the council to review the whole proceedings.

In the light of the foregoing, we conclude that the complaint fails to state a claim upon which relief can be granted.

Under traditional equity principles, plaintiff has not shown any likelihood of success upon the merits; there is no further need for preservation of the status quo; and plaintiff has not shown irreparable injury requiring the issuance of a preliminary injunction. An appropriate order will be entered vacating the Temporary Restraining Order, denying the application for preliminary injunction and dismissing the case for failure to state a claim upon which relief can be granted.

---

1. "Actions Reviewable. Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form or reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority."