INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, LOCAL NO. 1, and Tidewater Virginia Federal Employees Metal Trades Council, AFL–CIO, Plaintiffs,

v.

Rear Admiral Joe WILLIAMS, Jr., USN, Commander, Norfolk Naval Shipyard, Portsmouth, Virginia, et al., Defendants.

Civ. A. No. 74–2–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Feb. 7, 1974.

Shapero, Levine & Friedman, Norfolk, Va., for plaintiffs.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., Mathew Wheeler, Office of Legal Counsel, Dept. of Navy, Office of Civilian Manpower Management, Washington, D. C., for defendants.

## MEMORANDUM ORDER

KELLAM, Chief Judge.

International Federation of Professional and Technical Engineers, Local No. 1 (International), and Tidewater Virginia Federal Employees Metal Trades Council, AFL-CIO (Tidewater), seek a temporary and permanent injunction against Rear Admiral Joe Williams, Jr., Commandant of the Norfolk Naval Shipyard; the Secretary of the Navy; and the United States, to enjoin and restrain defendants from changing the working hours of plaintiffs at the Norfolk Naval Shipyard.

I

Plaintiffs assert that sometime about September 1971 plaintiffs entered into contracts with Norfolk Naval Shipyard, a facility of the United States, dealing with the personnel policies and practices affecting working conditions for the members of the International and Tidewater unions at the Norfolk Naval Shipyard. The contracts, among other things, provide that the working hours of plaintiffs' members will be from 0800 until 1430, with one half hour for lunch.

Plaintiffs allege that while the above-cited provisions of the labor contracts were in full force and effect, Admiral Williams, without cause or authority, issued an order directing that on and after January 7, 1974, the hours of work for plaintiffs' members would be from 0720 to 1550. Plaintiffs say that such a change in working hours is in violation of the terms of their bargaining agreements, and defendants should be required to reestablish the working hours of plaintiffs' members to the times specified in the bargaining agreements.

The bargaining agreements here in issue were entered into between International and Tidewater and Norfolk Naval Shipyard (Shipyard) pursuant to the provisions of Executive Order 11491, as amended by Executive Order 11616 of August 26, 1971, granting leave to employees of the Executive Branch of the government to join unions and to have such unions bargain for them in the capacity permitted by said orders and amendments thereof.

The executive order and amendment provide that any such bargaining agreement "shall provide a procedure * * * for the consideration of grievances over the interpretation or application of the agreement." Section 13, Executive Order 11491 as amended by 11616. The last-quoted section also provides that no agreement may be established which does not conform to said section. Further that section provides that questions which cannot be resolved by the parties as to whether or not a grievance is on a matter subject to the grievance procedure in an existing agreement, or is subject to arbitration under that agreement, may be referred to the Assistant Secretary for decision.

Each of the bargaining agreements provides that employer and the union "recognize and endorse the importance of bringing to light and adjusting grievances promptly." International Agreement, Article XIX; Tidewater Agreement, Article XXVI. Further these articles provide that the "purpose of this Article is to provide a mutually satisfactory method for the settlement of grievances * * * involving the interpretation or application of this Agreement * * * or the interpretation or application of any rule or regulation, or practice of the Employer or the Employer's application of any other rule, regulation, or practice now or hereafter in force, or any employee's feeling of dissatisfaction with his working conditions." In the Tidewater Agreement a grievance is defined as "any matter of personal concern or dissatisfaction to any employee, that is under the control of the Employer." Section 3, Article XXVI, Tidewater Agreement. The Tidewater Agreement provides in Section 7 of Article XXVI, "any grievance between an employee(s) and the Employer shall be processed * * *." The International Agreement likewise refers to "any" grievance.

## II

Plaintiffs allege jurisdiction under 28 U.S.C. § 1361, and 5 U.S.C. §§ 702 and 706.

### A

Section 1361 of 28 U.S.C. provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ This section was enacted in 1962. It did not create any new cause of action but, in principle, only broadened the venue of the prior act, giving district courts other than the District of Columbia venue in actions against United States officers. It creates no new liability or cause of action, and does not waive the sovereign immunity of the United States in mandamus actions. Seebach v. Cullen, 224 F.Supp. 15 (N.D. Cal., 1963), affirmed 338 F.2d 663 (9th Cir., 1964), cert. denied 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268; Udall v. Oil Shale Corporation, 406 F.2d 759 (10th Cir., 1969), reversed on other grounds 400 U.S. 48, 91 S.Ct. 196, 27 L.Ed.2d 193; Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir., 1966), cert. denied 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67; Sprague Electric Company v. Tax Court of United States, 230 F.Supp. 779 (D.C. Mass., 1964), affirmed 340 F.2d 947 (1st Cir., 1965); Smith v. United States, 224 F.Supp. 402 (D.C.Wyo., 1963), affirmed 333 F.2d 70 (10th Cir., 1964); McEachern v. United States, 212 F.Supp. 706 (W.D.S.C., 1963), affirmed in part, vacated on other grounds 321 F.2d 31 (4th Cir., 1963). Jurisdiction under § 1361 is proper only to command an official to perform a ministerial act. An act is ministerial only if it is a positive command and so plainly prescribed as to be free from doubt. Mandamus may not be used to direct the exercise of a judgment or discretion in a particular way. For mandamus to issue, the plaintiff must have a clear right to relief, the defendant must have a clear duty to act, and there must be no other adequate relief available. It is an extraordinary remedy and a petition for relief must be supported by evidence showing petitioner is entitled to the relief and that the official has failed to perform a nondiscretionary ministerial act owed to petitioner. Wilbur v. United States, 281 U. S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809 (1930); United States Ex Rel v. Helvering, 301 U.S. 540, 543, 57 S.Ct. 855, 81 L.Ed. 1272 (1937); Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 318, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958); Switzerland Company v. Udall, 225 F.Supp. 812 (W.D.N.C., 1964), affirmed 337 F. 2d 56 (4th Cir., 1964), cert. denied 380 U.S. 914, 85 S.Ct. 900, 13 L.Ed.2d 800; United States v. Walker, 409 F.2d 477 (9th Cir., 1969); Casarino v. United States, 431 F.2d 775 (2nd Cir., 1970); Carter v. Seamans, 411 F.2d 767 (5th Cir., 1969); Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir., 1966); Yahr v. Resor, 339 F.Supp. 964 (E.D.N.C., 1972); Bowen v. Culotta, 294 F.Supp. 183 (E.D. Va., 1968); Parrish v. Seamans, 343 F. Supp. 1087 (D.C.S.C., 1972); National Anti-Vivisection Society v. F.C.C., 234 F.Supp. 696 (N.D.Ill., 1964). In Wilbur v. United States, *supra,* the court pointed out that mandamus might be employed to compel a ministerial act, "but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." [281 U.S. 218, 50 S.Ct. 324.]

■ It is perfectly plain that there is no "untrammeled authority in the District Court to control or hamper the exercise of discretion vested in an officer or governmental agency." National Anti-Vivisection Society v. F.C.C., 234 F.Supp. 696, 697 (N.D.Ill., 1964).

■■ Defendants say that 28 U.S.C. § 1361, does not authorize suit against the United States or grant jurisdiction to the district court of a suit seeking mandamus or injunctive relief against the United States. United States v.

Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); United States v. U. S. Fidelity Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Switzerland Company v. Udall, 225 F.Supp. 812, 819 (W.D.N.C., 1964), affirmed 337 F.2d 56, 61 (4th Cir., 1964), cert. denied 380 U.S. 914, 85 S.Ct. 900, 13 L.Ed.2d 800; Bowen v. Culotta, 294 F.Supp. 183, 186 (E. D.Va., 1968). Too, defendants say that a suit against an officer or agency of the United States is a suit against the United States. Manhattan-Bronx Postal Union v. Gronouski, 121 U.S.App.D.C. 321, 350 F.2d 451 (1965), cert. denied 382 U.S. 978, 86 S.Ct. 548, 15 L.Ed.2d 469 (1966); United States v. Walker, 409 F.2d 477, 480 (9th Cir., 1969); Bowen v. Culotta, *supra*. The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or compel it to act." Larson v. Domestic & Foreign Corporation, 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Ex Parte State of New York, No. 1, 256 U.S. 490, 502, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); Dugan v. Rank, 372 U.S. 609, 620, 83 S. Ct. 999, 10 L.Ed.2d 15 (1963); Bowen v. Culotta, *supra*. Here, it is asserted Admiral Williams was acting solely as an official of the United States, and his action can only be made the basis for specific relief against him as an individual if his action is "not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void." Larson v. Domestic & Foreign Corporation, *supra*, 337 U.S. at page 702, 69 S.Ct. at page 1467; Malone v. Bowdoin, 369 U.S. 643, 647, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962).

B

Under the provisions of 5 U.S.C. § 702, a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. 5 U.S.C. § 706, limits the scope of review to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." Further, the section provides the court may compel agency action unlawfully withheld, and set aside agency action found to be arbitrary, capricious or an abuse of discretion, or not in accordance with law.

This section presupposes that a dispute at a Navy installation would have been appealed through channels to the Secretary of the Navy, pursuant to regulations governing administrative appeals. It is clear plaintiffs have not processed this complaint administratively. McEachern v. United States, *supra*.

Too, 5 U.S.C. § 701, excepts agency action which is committed to agency discretion by law.

■ The purpose of the act is to provide a judicial review of agency action rather than to confer jurisdiction upon the court. That is, it is for review of agency action, and the section does not extend jurisdiction of the federal courts to cases not otherwise within its competence. Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912, 914 (2nd Cir., 1960); Kansas City Power & Light Company v. McKay, 96 U.S.App. D.C. 273, 225 F.2d 924, 932 (1955), cert. denied 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780; Yahr v. Resor, 339 F.Supp. 964 (E.D.N.C., 1972); McEachern v. United States, *supra*.

■ If an unfair labor practice exists in this case—and arbitration does not apply—then plaintiffs' remedy is pursuant to Executive Order 11491 by appeal to the Assistant Secretary of Labor.

■ Plaintiffs have not exhausted their administrative remedies. See National Alliance of Postal & Fed. Emp. v.

United States, 339 F.Supp. 1343, 1345 (W.D.Pa., 1972):

"Plaintiff has not exhausted his administrative remedies. Under 5 U.S. C., § 704, only final agency action is reviewable. In Executive Order 11491, provision is made that any party aggrieved by the final decision of the Assistant Secretary may petition the Federal Labor Relations Council for a review. Admittedly plaintiff has not sought review by this body and, therefore, has not exhausted administrative remedies and the case is not ripe for judicial review. Myers v. Bethlehem Shipbuilding Corp., 303 U. S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S. Ct. 67, 97 L.Ed. 54. See also Local 542 etc. v. NLRB, 328 F.2d 850 (3d Cir. 1964); Zimmerman v. United States Government, 422 F.2d 326 (3d Cir. 1970)."

C

At oral argument on the motion for a temporary injunction, counsel for plaintiff asserted that jurisdiction for this action might be laid under 29 U.S. C. §§ 141 and 185. Section 185 grants jurisdiction for violation of contracts between employer and a labor organization representing employees in an industry affecting commerce as defined in that chapter. However, 29 U.S.C. § 152, provides that employer does not include the United States or any wholly owned government corporation.[1]

III

There is another reason why this court does not have and should not take jurisdiction, and that is because the collective bargaining agreements require that the issue in dispute must be submitted to arbitration. On the issue of arbitration of labor disputes, we commence with the language of Congress as expressed in the Labor Management Relations Act, 29 U.S.C. § 173(d), which states in part:

"Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or *interpretation of an existing collective-bargaining agreement.*" (Italics added.)

In Gateway Coal Co. v. Mine Workers, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583, dated January 8, 1974, the court pointed out "the now well-known presumption of arbitrability for labor disputes" with this language:

" 'An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)."

Further, the court pointed out that commercial and labor arbitrations have different objectives, and that labor arbitration "is the substitute for industrial strife."

The duty of the court is to decide whether the arbitration clauses of the collective bargaining agreements in this case can reasonably be interpreted to cover the dispute. If they do, then this action may not be maintained and the matter must be referred to arbitration. Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960); Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960);

---

1. If jurisdiction is not laid under the Labor Management Relations Act, it may be doubtful that plaintiffs can maintain this action. Moffat Tunnel League v. United States, 289 U.S. 113, 53 S.Ct. 543, 77 L.Ed. 1069 (1933); Rock Drilling, Blasting, etc. v. Mason & Hanger Co., 217 F.2d 687 (2nd Cir., 1954), cert. denied 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249; Moore's Federal Practice, Vol. 3, page 1331.

Drake Bakeries v. Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); Local Union No. 24, International Brotherhood of Electrical Workers v. Hearst Corp., 352 F.2d 957, 959 (4th Cir., 1965), cert. denied 383 U.S. 937, 86 S.Ct. 1067, 15 L.Ed.2d 853.

Whether a party is bound to arbitrate, as well as what issues it must arbitrate, are matters to be determined by the court on the basis of the contract entered into between the parties. Operating Engineers v. Flair Builders, Inc., 406 U.S. 487, 491, 92 S.Ct. 1710, 32 L. Ed.2d 248 (1972); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

"In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here * * * the arbitration clause is quite broad." Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 584, 80 S.Ct. 1347, 1354 (1960). Further, the court there said, "the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator." Id. 363 U.S. 585, 80 S.Ct. 1354.

The Gateway Coal Co. case, *supra*, pointed out what is so obvious here; i. e., that a "collective bargaining agreement cannot define every minute aspect of a complex and continuing relationship between the parties," while arbitration provides a method for resolving unforeseen disagreements which may arise.

If any doubt arises as to whether the arbitration clauses in the collective bargaining agreements in this case are susceptible of interpretation that covers the asserted dispute, then it should be resolved in favor of coverage.

Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Local Union No. 24, International Brotherhood of Electrical Workers v. Hearst Corp., 352 F.2d 957 (4th Cir., 1965), cert. denied 383 U.S. 937, 86 S.Ct. 1067, 15 L.Ed.2d 853.

Construing the language of the agreements in these cases, in light of the decisions of the Supreme Court and of the Court of Appeals for the Fourth Circuit, it seems clear that arbitration is required.

In Operating Engineers v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), the court held that the language of the agreement required arbitration on whether a party was guilty of "laches" in institution of an action on the contract. The court said the language "any differences" used in the agreement meant exactly what it said and applied to any differences "whatever it might be." [406 U. S. 491, 92 S.Ct. 1710]

For the reasons hereinabove set forth, the plaintiffs are not entitled to the relief prayed for and the complaint is dismissed.