**Leroy L. LOWELL, Plaintiff,**

v.

**Lt. H. F. McDAVID, USN, Defendant.**

**Civ. A. No. 80–1047–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

Oct. 28, 1980.

Frederick M. Quayle, Portsmouth, Va., for plaintiff.

James A. Metcalfe, Asst. U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM ORDER

CLARKE, District Judge.

On September 15, 1980, the Circuit Court for the City of Norfolk entered an *ex parte* decree enjoining the defendant, Lt. H. F. McDavid, or anyone on his behalf, from withholding any sums from the pay of the plaintiff, Leroy L. Lowell. At that time, the defendant was withholding a large portion of the plaintiff's. pay pursuant to an Order to Withhold and Deliver issued by the Department of Human Services of the State of Maine on August 15, 1980.[1] Pursuant to 28 U.S.C. § 1442(a)(3)(1976), the defendant removed the action to this Court on September 19, 1980. Because of the enactment of statutes pertaining to suits against federal officials and to procedures for removal, cases involving questions of the performance of his official duties by an officer of the United States are more appropriately decided in a federal forum. *O'Bryan v. Chandler*, 356 F.Supp. 714, 719 (W.D.Okl. 1973), *aff'd*, 496 F.2d 403 (10th Cir.), *cert. denied*, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974). Accordingly, and for the reasons stated below, this Court, by Order of September 26, 1980, dissolved the decree entered by the Circuit Court for the City of Norfolk and directed the defendant to withhold the appropriate funds and to hold them until further order of the Court. We now must decide whether to grant the defendant's Motion to Dismiss plaintiff's suit seeking to enjoin the defendant from withholding any sums from the plaintiff's pay. Under 42 U.S.C.A. § 659(a) (West Supp. 1980), the Congress has waived sovereign immunity and

moneys ... due from, or payable by, the United States ... to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States ... were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

When interpreting the effect of this section, the courts have limited the operation of this waiver to a narrow category of actions. In *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977), the court held that the defense of sovereign immunity was applicable where a federal employee sought to litigate the validity of his underlying divorce decree by seeking to enjoin the United States and its disbursing officer from paying out sums garnished by the employee's ex-wife for child support and alimony. The court stated that section 659 only removed the bar to sovereign immunity in one narrow class of actions: *enforcement* of garnishment writs issued by state courts. *Id.* at 1291. *See Stephens v. United States Department of the Navy*, 589 F.2d 783 (4th Cir. 1979). Similarly, in *Cunningham v. Department of the Navy*, 455 F.Supp. 1370 (D.Conn.1978), the court held that a retired army officer could not challenge a state garnishment order, which he claimed was improperly issued by a state court without jurisdiction, by bringing suit against the Department of the Navy. *See also Popple v. United States*, 416 F.Supp. 1227 (W.D.N. Y.1976).

In the case at bar, the plaintiff contends that this Court should enjoin the

---

1. A divorce decree was obtained by Diane E. Lowell, the former wife of the plaintiff, on June 28, 1979; this decree was later amended to provide for total child support payments of Five Hundred Dollars ($500.00) per month starting on March 15, 1980. The further actions of the state court and various state officials appear to be inconsistent. On March 31, 1980, the district court of Cumberland, Maine, ordered the commanding officer of the Navy Finance Center to withhold from plaintiff's pay the full amount of the child support obligation, as well as Two Hundred Dollars ($200.00) per month for arrearages. The Order issued by the Department of Human Services on August 15, 1980, applied the Maine statutory formula, which sets an upper limit on the percentage of a garnishee's disposable income that can be withheld. This upper limit, however, is established by federal statute when the garnishee is a federal employee, *see* 15 U.S.C.A. § 1673 (West Supp. 1978). Therefore, the Department of the Navy is not governed by either of these potentially conflicting orders when determining the maximum amount to be withheld from the plaintiff's wages.

defendant from withholding any sums from his pay because the underlying divorce decree and order for child support was issued by a state court in Maine without personal jurisdiction over the plaintiff. A suit against a federal officer who is acting within the scope of his authority and the effect of which would be to operate against the United States is viewed as a suit against the sovereign, and the federal officer, therefore, is protected to the same extent as the United States by the doctrine of sovereign immunity. *See Malone v. Bowdoin*, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Jones v. Freeman*, 400 F.2d 383 (8th Cir. 1968); *International Federation of Professional and Technical Engineers, Local No. 1 v. Williams*, 389 F.Supp. 287 (E.D.Va. 1974), *aff'd mem.*, 510 F.2d 966 (4th Cir. 1975). The defendant, Lt. H. F. McDavid, clearly is acting within the scope of his authority, as required by 42 U.S.C. § 659 and the regulations promulgated thereunder. Consequently, he is immune from any suit related to domestic relations, except for a suit seeking enforcement of child support or alimony obligations. The plaintiff, by seeking an injunction on the basis that the underlying decree is invalid is attempting to pursue a cause of action with respect to which Congress has not waived sovereign immunity.

Accordingly, the plaintiff has failed to state a cause of action cognizable in this or any other court.[2] Defendant's Motion to Dismiss is GRANTED and that portion of this Court's Order of September 26, 1980, requiring the defendant to hold the funds withheld is VACATED.

---

**2.** This Court intentionally has avoided deciding whether the state court in Maine had personal jurisdiction over the plaintiff before it entered the divorce decree. In order to prevent the Navy from garnishing his wages, the plaintiff must first attack and obtain a dissolution of the underlying decree in a separate action in an appropriate forum. He cannot do so by collaterally attacking the decree at the point of execution of the garnishment order.