540 F.2d 24
 93 L.R.R.M. (BNA) 2046, 79 Lab.Cas. P 11,567
 PUERTO RICO MARINE MANAGEMENT, INC., et al., Appellants,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, et al.,
Appellees.
PUERTO RICO MARINE MANAGEMENT, INC., et al., Appellees,
v.
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, et al., Appellees,
v.
PUERTO RICO MARITIME SHIPPING AUTHORITY, Appellant-Intervenor.
 Nos. 76-1112 and 76-1113.
 United States Court of Appeals,
First Circuit.
 Submitted May 10, 1976.
Decided Aug. 18, 1976.
 
 Herbert Burstein, Zelby, Burstein, Bernstein & Hartman, New York City, and Thomas Powers, and Steptoe & Johnson, Washington, D.C., for appellants on motion and memorandum in support thereof.
 Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.
 ON MOTION FOR SUMMARY REVERSAL
 COFFIN, Chief Judge.
 
 
 1
 This is an appeal from an order dismissing an action for lack of jurisdiction. Puerto Rico Marine Management, Inc. v. International Longshoremen's Association, 398 F.Supp. 118 (D.P.R.1973). Appellant, Puerto Rico Marine Management, Inc. (PRMMI) brought suit for an injunction against a work stoppage by the International Longshoremen's Association and its Local 1575 (ILA), invoking jurisdiction under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), as interpreted by the Supreme Court in Boys Market, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The complaint alleged that the work stoppage was in violation of a collective bargaining agreement between PRMMI and the ILA, which contained both a no-strike and a binding arbitration clause. The district court, finding PRMMI not to be an employer within the meaning of the Labor Management Relations Act (the Act), 29 U.S.C. § 152(2), held that it lacked jurisdiction under § 301(a) and dismissed the complaint. Pending appeal, this court decided Compton v. National Maritime Union, 533 F.2d 1270 (1st Cir. 1976), which resolved the issue of PRMMI's status as an employer in a manner contrary to the decision of the district court. Although the issue presented here is technically different from that decided in Compton, it is sufficiently similar to permit summary reversal of the district court judgment pursuant to Local Rule 12.
 
 
 2
 The grant of federal district court jurisdiction in § 301(a) extends to "suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . ." 29 U.S.C. § 185(a). Defendant-appellee, ILA, challenged the district court's jurisdiction on the grounds that PRMMI was a "political subdivision" and hence not an employer within the meaning of 29 U.S.C. § 152(2).[1] Since the contract alleged to be violated in the complaint was formed by PRMMI and ILA, the statutory criteria for jurisdiction could only be fulfilled if PRMMI was an employer. See International Federation of P. & T. Engineers, Local 1 v. Williams, 389 F.Supp. 287, 293 (E.D.Va.1974); see generally Smith v. Evening News Ass'n., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Jurisdiction thus depends upon PRMMI's status.
 
 
 3
 PRMMI is a Delaware corporation which serves as a managing agent for the Puerto Rico Maritime Shipping Authority (PRMSA or Authority) a governmental corporation of the Commonwealth of Puerto Rico. A creation and instrumentality of the Commonwealth, PRMSA is controlled by a Board of Directors appointed by the Governor of the Commonwealth, and is required to report yearly to the Governor and Legislature. As the district court noted, it cannot be seriously disputed that PRMSA is a "political subdivision" excluded from the definition of employer under 29 U.S.C. § 152(2). See NLRB v. Natural Gas Utility District, 402 U.S. 600, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971). In contrast, PRMMI, as a private corporation, does not fall within the literal definition of the political subdivision exception as construed by the Supreme Court. Consequently, the claim that PRMMI is not an employer under the Act is based solely upon the company's contractual relationship to PRMSA.
 
 
 4
 PRMMI's failure to qualify for the exemption as construed by the Supreme Court, NLRB v. Natural Gas Utility District, supra, may be sufficient to confer statutory employer status and jurisdiction under § 301(a) irrespective of the company's relationship to PRMSA. We say this with full awareness that the NLRB has declined to assert jurisdiction over a private contractor performing services for an exempt governmental entity. See Compton v. National Maritime Union, supra; Rural Fire Protection Co., 216 N.L.R.B. No. 95 (1975); ARA Services, Inc., 221 N.L.R.B. No. 16 (1975). The decision to decline jurisdiction, however, is generally considered to be within the discretion of the Board, and not necessarily compelled by statute. Cf. Herbert Harvey, Inc. v. NLRB, 128 U.S.App.D.C. 162, 385 F.2d 684, 686 (1967) (McGowan, J., concurring).[2] But, for the purposes of this opinion, we will assume that the Board's policy of declining jurisdiction has some statutory content. Therefore, although jurisdiction under § 301(a) may be determined solely by PRMMI's status as a private corporation engaged in interstate commerce, we will address the arguments that PRMMI shares PRMSA's exemption from the Act under Board precedent.
 
 
 5
 The district court did not ground its decision that PRMMI was not an employer under the criterion developed by the NLRB to determine whether a private corporation shares a governmental entity's exemption: degree of control of subjects of concern to labor relations. See Compton v. NMU, supra.[3] It conceded that PRMMI had independent control of such items as hiring, firing, and discipline, 398 F.Supp. at 124 n. 10, and the company's authority over wages and working conditions was limited only by generalized policy and budgetary limitations. Rather, the district court based its holding on the overall relationship between PRMSA and PRMMI. The company is invested with a formal power of attorney under Puerto Rican law (a protocolization) to bind PRMSA to contracts and to act as an instrumentality of the Authority. Under federal law, which controls, NLRB v. Natural Gas District, supra, 402 U.S. at 603, 91 S.Ct. 1746, 29 L.Ed.2d 206, the district court held that PRMSA's ownership of the physical assets, control over major investment, and policymaking powers, made PRMMI an instrumentality and alter ego of the Authority rather than a private independent contractor.
 
 
 6
 We find no support in precedent for a study of the overall contractual relationship between a private contractor and the governmental entity.[4] The Board's test focuses on the relationship of the concerned employees to the government agency and the nominal employer. Here, in contrast to those situations where the Board has found the private contractor to share the governmental exemption, PRMMI has independent control of the subjects of concern to labor relations. Therefore, in accordance with this court's decision in Compton v. NMU, supra, we hold that PRMMI is a statutory employer within the meaning of 29 U.S.C. §§ 152(2) and 185(a).
 
 
 7
 The judgment of the district court is reversed.
 
 
 
 [1]
 Section 2(2) of the Act, 29 U.S.C. § 152(2), reads:
 "The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act (45 USCS §§ 151-163, 181-188), as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization."
 
 
 [2]
 A finding that the nominal employer has absolutely no power or authority over its purported employees may be considered an exception to this proposition. For example, in Roane Anderson Co., 95 N.L.R.B. No. 1501 (1951), the private company merely acted as a disbursing agent for wages paid to employees working at a government facility. The total lack of any authority to hire, fire, or discipline employees precluded Board jurisdiction. Cf. Division 1287, Amalgamated Ass'n of Street Employees v. Missouri, 374 U.S. 74, 83 S.Ct. 1657, 10 L.Ed.2d 763 (1962)
 
 
 [3]
 The other standard is clearly one of discretion on the part of the Board: whether the purposes of the Act will be effectuated should the Board assert jurisdiction. See Compton v. NMU, supra. Thus, this factor is particularly inappropriate for the purposes of determining jurisdiction under § 301(a)
 
 
 [4]
 The secondary test employed by the Board, the "intimate connection" test, deals with the functions performed by the independent contractor, rather than the overall contractual relationship
 The district court cited Southwestern Bell Telephone Co., 50 N.L.R.B. No. 702 (1943), in support of its reliance on the total contractual relationship. In Southwestern Bell, the question was whether the parent company or an agent was the employer. The Board found the agent to be an employee of the company, and, therefore, found the employees hired by the agent to be employees of the parent. Two points should be noted. First, Southwestern Bell was decided in 1943, before the Taft-Hartley Amendments excluded independent contractors from the definition of employees. Labor Management Relations Act, 1947, Pub. 1, No. 101, § 101, 61 Stat. 136 (1947). Second, the agent was deemed to be an employee of the parent company because her contract was terminable without notice at the will of the company. Under traditional analysis, this kind of provision is a characteristic of employment, rather than contractor, agreements. No such provision is included in the PRMSA-PRMMI agreement.