**Luis W. Pillich GARCIA, Plaintiff,**

**v.**

**Jose COLLAZO, Personnel Director of Puerto Rico Marine Management, Inc., Puerto Rico Marine Management, Inc., and Puerto Rico Maritime Shipping Authority, Defendants.**

**Civ. No. 82–2632 GG.**

United States District Court,
D. Puerto Rico.

Sept. 6, 1984.

**616**

Walter Pierluisi, San Juan, P.R., for P.R. Maritime Shipping Authority.

Felícita Jomp, San Juan, P.R., Julio Maymi Pagan, Santurce, P.R., Rafael Medina Zerpa, Hato Rey, P.R., for Luis Pillich.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The facts of this case are not in controversy. Plaintiff, Luis W. Pillich (Pillich) was hired by co-defendant Puerto Rico Marine Management, Inc. (P.R.M.M.I.) on April 1, 1980 as a Loss Prevention Administrator. Thereafter, on August 13, 1982, co-defendant José Collazo (Collazo) notified plaintiff that effective August 31, 1982 he would be laid off from his position. Plaintiff then filed for declaratory and injunc-

tive relief before the Superior Court of the Commonwealth of Puerto Rico, San Juan Part on September 13, 1982. Defendants sought removal to this court on October 28, 1982.

After discovery and a pretrial conference, plaintiff moved to dismiss the suit for lack of federal subject matter jurisdiction and to remand the case to the San Juan Superior Court.[1] Defendants opposed plaintiff's motion to remand on July 12, 1984. Then, on August 24, 1984 plaintiff filed a motion for summary judgment.[2]

The basis of both the motion to remand and the motion for summary judgment is plaintiff's contention that co-defendant P.R.M.M.I. is not an employer under the purview of the Labor Management Relations Act (the Act), 29 U.S.C. § 141 et seq. This very same issue has been already decided in *Puerto Rico Marine Management v. International Longshoremen's Association,* 540 F.2d 24 (1st Cir.1976) and *Compton v. National Maritime Union of America, AFL–CIO,* 533 F.2d 1270 (1st Cir.1976). Both cases stand for the proposition that P.R.M.M.I., a private corporation serving as Management Agent of Puerto Rico Maritime Shipping Authority (P.R.M.S.A.), a governmental corporation of the Commonwealth of Puerto Rico, was a statutory employer within the meaning of 29 U.S.C. § 152(2).[3] Both cases expressly rejected the allegation that P.R.M.M.I., because of its relation to P.R.M.S.A., was a political subdivision of the government of the Commonwealth of Puerto Rico, and hence shared P.R.M.S.A.'s exemption from coverage of the Act. In both instances the United States Court of Appeals for the

---

**1.** We note that even if were to hold that P.R.M.M.I. is not an employer within the terms of the Act, this court could still entertain the action because removal jurisdiction was also invoked under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331.

**2.** Because both motions raise the same argument and because the motion to remand was filed earlier, we will only consider plaintiff's motion to remand.

**3.** Section 152(2) provides:

(2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act [45 USCS §§ 151–163, 181–188], as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

First Circuit reasoned that despite P.R.M.S. A.'s budgetary control over P.R.M.M.I., the latter still maintained sufficient control over the subjects of concern to labor relations to qualify as an employer within the meaning of Section 152(2). *Puerto Rico Management v. International Longshoremen's Association*, 540 F.2d at 26; *Compton v. National Maritime Union of America, AFL–CIO*, 533 F.2d at 1275.

■ However, plaintiff now claims that a 1978 acquisition of P.R.M.M.I.'s stock by P.R.M.S.A. effectively converted P.R.M.M.I. into a wholly owned government corporation, and thus placed it outside the scope of the Act.

The clear mandate of *International Longshoremen's Association* and *Compton* is to focus our inquiry on two tests utilized by the National Labor Relations Board (the Board) in determining whether to assert jurisdiction. If we find that both tests are met, P.R.M.M.I. is an employer within the meaning of Section 152(2).

■ The first test, also known as the statutory test, is whether the nominal private employer has enough control over the subjects of concern to labor relations so that it could bargain effectively with a union. *Compton v. National Maritime Union of America, AFL–CIO*, 533 F.2d at 1275. The second test concerns the discretionary power of the Board to decline jurisdiction when the purposes of the Act would not be effectuated by taking jurisdiction. *Id.*

Turning to the statutory test, we find that plaintiff has failed to present any evidence indicating that P.R.M.M.I. no longer continues to control all aspects of labor relations. Clearly, it is incumbent upon plaintiff to establish that P.R.M.S.A.'s acquisition of P.R.M.M.I.'s stock resulted in a significant change in P.R.M.M.I.'s operations, and having failed to do so, we cannot hold that pursuant to the statutory test, P.R.M.M.I. is not an employer under the Act.

Furthermore, when confronted with the same argument advanced herein, the Board in *Puerto Rico Marine Management, Inc.*, 101 L.R.R.M. 1134 (1979) found that despite the purchase of the stock, there was no evidence of any significant change in the relationship between P.R.M.S.A. and P.R.M.M.I. The Board further found that

> P.R.M.M.I. continues to oversee the day-to-day operations of the ships it manages, and also continues to control all aspects of labor relations with respect to its employees. Although P.R.M.S.A. has budgetary control over P.R.M.M.I., there is no evidence that the nature or extent of that control has changed since the stock acquisition by P.R.M.S.A. Indeed, P.R.M.M.I. continues to remain a separate corporate entity, its relationship to P.R.M.S.A. deferred by the amendment and restatement of the management services contract entered by P.R.M.S.A., P.R.M.M.I. and TKM.

*Id.* at 1136. Based on evidence before us, we see no reason to disturb the foregoing admonition.

As to the Board's discretionary power test, we note that in *National Maritime Union of America, AFL–CIO*, 227 N.L.R.B. 20, 33 (1976) the Board specifically found that the purpose of the Act to eliminate disruptions in commerce would best be accomplished by assuming jurisdiction in that case. The Board once again reaffirmed its prior decision that asserting jurisdiction over P.R.M.M.I. would effectuate the policies of the Act in *Puerto Rico Marine Management, Inc.*, 101 L.R.R.M. at 1136. Therefore, P.R.M.M.I. meets the second test utilized by the Board.

Because the acquisition of P.R.M.M.I.'s stock by P.R.M.S.A. does not alter the factors in which the United States Court of Appeals for the First Circuit and the Board have relied in the past, we hold that P.R.M.M.I. is still an employer within the meaning of Section 152(2).

In view of the above, plaintiff's motion to remand is hereby denied.

SO ORDERED.